PRISCILLA BURTON v. J. F. BUTTLER.

[65 South. 459.]

EJECTMENT. *Boundaries. Survey. Accuracy.*

Where in an action of ejectment, plaintiff relied on a survey to establish the dividing line, which was the matter in controversy between the parties in the case, it does not appear from the testimony of the surveyor, that he located an established corner or monument of the original survey made by the United States Surveyor as a starting point in his survey. It cannot be said that he had a sufficiently established corner or place from which to run his lines, and a line thus run is not sufficiently certain and accurate as to enable a party relying thereon to maintain ejectment.

APPEAL from the circuit court of Marshall county.
HON. H. K. MAHON, Judge.

Suit in ejectment by J. F. Buttler against Mrs. Priscilla Burton. From a judgment for plaintiff, defendant appeals.

Appellant and appellee jointly inherited a section of land. Appellant inherited the east one-half and appellee the west one-half. The original survey of this section was made in 1841, but the government marks seem to have been destroyed. In 1883 a surveyor ran a dividing line between the land of appellant and appellee, and that boundary seems to have been accepted as the true boundary by the parties from whom appellant and appellee inherited. In 1911 appellee had another surveyor to run a line between his land and that of appellant, and there was a variation between that line and the line run in 1883, and appellee brought an ejectment suit for the possession of a strip of land claimed by appellant. Appellant claims that this last survey is not accurate, and the testimony shows that in making said survey the surveyor did not locate the government

markers as a starting point. The case was submitted to a jury under instructions, and a verdict was returned in favor of appellee.

*Lester G. Fant* and *Mayes & Mayes,* for appellant.

*Green & Green* and *Smith & Totten,* for appellee.

REED, J., delivered the opinion of the court.

In a trial of his action of ejectment, appellee relied on a survey to establish the dividing line which is the matter in controversy between the parties in the case. From the testimony of the surveyor, it does not appear that he located an established corner or monument of the original survey made by the United States surveyor as a starting point in his survey. It cannot be said that he had a sufficiently established corner or place from which to run his lines. The line, therefore, run by him was not with such degree of certainty and accuracy as to constitute it as the true and correct dividing line between the properties of appellant and appellee. *Newman* v. *Foster,* 3 How. 383, 34 Am. Dec. 98; *May* v. *Baskin,* 12 Smedes & M. 428; *Bonney* v. *McLeod,* 38 Miss. 393; *Reinert* v. *Brunt,* 42 Kan. 43, 21 Pac. 807.

*Reversed and remanded.*