*McComas vs. The State.*

---

### McCOMAS vs. THE STATE.

1. An indictment for an assault upon a child under ten years of age, "with intent feloniously to ravish and feloniously to carnally know, &c.," is good. The words "to ravish" may be rejected as surplusage, and do not vitiate. The word "ravish" applies to either kind of rape, as defined by the statute.

2. A motion for a new trial comes too late after a motion in arrest of judgment has been made. The latter motion assuming that the verdict is right.

### APPEAL from St. Louis Criminal Court.

HART & BLANNERHASSETT, *for Appellant.*

STRINGFELLOW, *Attorney General, for the State.*

1. No exception being taken during the progress of the trial to the admission of evidence, or to the giving or refusing instructions, it is too late to raise those questions on the motion for a new trial. Kilgore vs. Bonie, 9 Mo. R., 291.

2. The motion for a new trial came too late, being made after the motion in arrest—the latter admits the verdict to be good and overrules the former. 4 Bar. & Cress., 160; (10 Eng. Com., L. R., p. 301;) 2 Salk., 647.

3. The motion in arrest was properly overruled. The *carnal* knowledge of a female under ten years of age, is declared to be rape by our statute, and the word "ravish" as used in the indictment, applies equally to the one as to the other kind of rape. Rev. Code, p. 348, sec. 26.

4. Should it be held that the motion for a new trial was made at the proper time, then, no exceptions being taken during the progress of the trial, the only question, if any, which can be considered by this Court, is as to the sufficiency of the evidence. This the jury were peculiarly fitted to decide under the peculiar circumstances of this case. The chief witness was a child but little over nine years old, and of her evidence—the language used by her—her manner of testifying—the other circumstances attending the act—the motive and conduct of the defendant—a jury is especially qualified to judge.

5. If there was no evidence on which to convict, or if the evidence was clearly insufficient, an *instruction to that effect should have been asked.* *If there was sufficient evidence to leave the question of guilt to the jury, this Court will not interfere.*

McBRIDE, J., *delivered the opinion of the Court.*

Samuel J. McComas was indicted at the July term, 1847, of the Criminal Court for the county of St. Louis, under the 26th section of the second article of the law concerning crimes and their punishments, R. C., 1845, p. 348. Upon a trial in said court he was found guilty and sentenced to three years imprisonment in the Penitentiary. He first moved in arrest of judgment, and his motion being overruled, he then moved for a new trial, which being also overruled by the court, he excepted, and prayed an appeal to this Court, which was granted.

The indictment charges that the defendant late, &c., with force, &c., at, &c., in and upon one Mary L. Young, being then and there a female child under the age of ten years, to-wit, of nine years, in the peace of the State then and there being, carnally, unlawfully and feloniously, did then and there make an assault, and her, the said Mary L. Young, then and there did beat, wound and ill-treat, with the intent, her, the said Mary L. Young, then and there carnally, unlawfully and feloniously to ravish, and carnally and feloniously know, and other wrongs to, &c.

The section of the statute above referred to declares or defines rape to be, *first,* carnally to know any female child under ten years of age; or *secondly,* forcibly ravishing any woman of the age of ten years or upwards. The words "rape" and "ravish," are used here as in common parlance as synonymous terms, and the only difference in the statute, between the two species of the offence, is, that the latter contemplates force, whilst the former may consist in the act of sexual intercourse alone—irrespective of actual violence or consent. The indictment charges the assault to

have been made "with the intent, her, the said Mary L. Young, then and there carnally, unlawfully and feloniously to ravish, and carnally and feloniously know," which not only embrace all the words used in the statute to designate the offence, but others not necessary, but the use of which do not vitiate the indictment and may be rejected as surplusage.

The attorney for the defendant has not directed our attention to any supposed defect in the indictment, and the foregoing is the only one noticed by the Attorney General for the State.

We observe from the record that after the finding by the jury, the defendant moved in arrest of judgment, and then moved to set aside the verdict and grant a new trial. The motion in arrest presupposes the verdict is right, but that judgment should not be entered thereon, because of some defect in the indictment, and thus the question is brought up which we have been considering. If the practice was now to be settled for the first time, it might be difficult to assign any very good reason for permitting a defendant after he had pleaded to an indictment, and after a trial had before a jury, to take advantage of a defect in the indictment. If the indictment is insufficient, the proper time to take exception would appear to be before plea and trial, by a motion to quash.

The record further shows that there was evidence from which the jury might have found the defendant guilty, and it was their province to weigh it and give to it that credit which it was justly entitled to, and this duty the jury were more competent to perform than this Court.

There were a number of instructions given by the court, and some refused which were asked by the defendant, but no exception was taken either to the giving or refusing instructions. We have, however, examined them and find that those refused are embraced substantially in the instructions given.

Wherefore we are of opinion that the judgment of the Criminal Court ought to be affirmed, and Judge NAPTON concurring, the same is affirmed.

SCOTT, J., did not sit in this case.