## CANNAN vs. THE STATE.

Where no bill of exceptions is preserved, and where the record does not show any exceptions taken by the plaintiff in error to the opinions or decisions of the circuit court upon motions made by him, the judgment must be affirmed.

## ERROR to Dade Circuit Court.

ROBARDS, Attorney General, for the State.

1. The judgment of the circuit court should be affirmed, because there is no bill of exceptions in the case. State vs. Fortune & Harman, 10 Mo. Rep., 466; 10 Mo. Rep., 357.

2. The indictment is good. It alleges in clear and explicit language the partial destruction of a public school house, "built for the use of schools." This is sufficient to show that it was not his own. In fact, the face of the indictment shows, that the building damaged was not defendant's property; and he is liable under the first section of the act concerning "trespass."

3. The motion for a new trial was made too late, after the motion in arrest of judgment. 11 Mo. Rep., 116; McComas vs. the State.

4. As no bill of exceptions was preserved, containing the evidence and the motion for a new trial, the court should not consider the instruction; 10 Mo. Rep., 506, 357.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff in error was indicted in the circuit court of Dade county, for willfully, maliciously and unlawfully doing an injury to a public school house, by throwing down the chimney thereof, in said county.

The plaintiff in error moved the circuit court to quash the indictment, which motion the court overruled. He was then called upon to plead to the indictment; he refused to plead, and stood mute; thereupon the court ordered the plea of "not guilty" to be entered for him; a trial was had upon the issue made upon this plea, and the jury found the defendant guilty and assessed his punishment by a fine of ten dollars.

The plaintiff in error, defendant below, then moved the court to arrest the judgment, which motion was overruled. He thereupon moved to set aside the verdict and grant him a new trial, which was also overruled. Thereupon he sues out his writ of error and brings the case to this court.

Upon inspecting the record of the proceedings in the circuit court, I find no bill of exceptions; nor does the record any where show, that any exceptions were taken by the defendant below to any opinion or decision of the court, upon any of the various motions made by the defendant.

This court, in the case of the State vs. Fortune & Harman, 10 Mo. Rep., 466, decided that where an indictment was quashed, on motion, and there was no bill of exceptions preserving the motion, the judgment must be affirmed. This decision materially operates on the case now before us. Here, no bill of exceptions preserves either the motion to quash, or the motion in arrest, or the motion for a new trial. No exception appears to be taken to any action of the court below. The evidence is not preserved. I cannot see, then, any ground for a new trial, even supposing the motion had been made in time, or in its proper order. See McComas vs. the State, 11 Mo. Rep., 116.

I have looked into the indictment in this case, and think it is sufficient to support the judgment of conviction upon it. It might well have been drawn with more technical skill; however, it is, in my opinion, sufficient, and I am not disposed to search for objections with a very critical eye, in order to reverse the judgment against one who has showed himself unmindful of the duty incumbent upon all our citizens, to preserve and protect the property and means devoted to so interesting and vitally important a subject as the education of our youth.

My brother judges concurring herein, the judgment below is affirmed.