No. 2056.—THE STATE OF LOUISIANA *v.* SINGLETON PARKS.

The qualifications of jurors to serve on the grand and petit juries in the courts of the State are, that they must be qualified electors of Louisiana. Acts of 1868, No. 110.

Where one of the panel of the grand jury is disqualified, any indictment found by them is null and void, and the accused may raise the objection and show the fact after verdict.

APPEAL from the Thirteenth District Court, parish of Concordia. *Hough, J. S. Belden,* Attorney General, for the State. *James G. Leach* and *T. P. Farrar,* for defendant and appellant.

LUDELING, C. J. The record in this case shows that, on the same day, the defendant was indicted, arraigned and tried for the crime of murder. The jury found him guilty.

A new trial was prayed for on the grounds—1st, that the verdict of the jury was contrary to the law and the evidence; 2d, that defendant was not furnished a copy of the indictment and a list of the jury which was to try him, two entire days before the trial; 3d, that since the trial, evidence material to his defense has been discovered. Later, an amended motion for a new trial was filed. It set forth the following grounds:

1. That Robert Coulter, one of the grand jurors who constituted the grand jury which found the indictment against the defendant, was not a citizen of the United States, nor a duly qualified voter of the State of Louisiana, at the time he was elected, empanneled, sworn and charged as a grand juror, and, consequently, was not a competent juror.

2. That five of the jurors, who tried the case, had formed and expressed an opinion, adverse to the defendant, before the trial; and that the foregoing facts were not known to the defendant until after the trial.

This application was supported by the affidavit of the defendant and others.

The District Judge refused the new trial. A bill of exceptions was taken to the ruling of the Court, in which the foregoing facts, as well as the reasons of the Judge, are stated.

It will be necessary to examine only one of the questions presented by the bill of exceptions.

It appears from the record that Robert Coulter, one of the grand jurors composing the jury, which found the indictment, was incompetent, and that this fact was not known to the defendant until after the trial. Can this objection be urged after verdict.

Mr. Wharton says, "a new trial will be granted at common law, *where it appears after verdict* that some one of the jurors should not have been permitted to sit upon the trial, *on account of an entire legal incapacity.*" Wharton 923; State *v.* Babcock, 1 Conn. 401.

This Court has decided that such an objection to a *petit juror,* who tried the case, is not good cause for a new trial, because the accused

had had an opportunity to inquire into the qualifications of the juror upon *voir dire* examination; and having waived the right accorded to him by law, he waived, with it, every objection which he might have urged to the juror; and because he should not be permitted to take the chance of a verdict in his favor, and when it is rendered against him, to complain of the incapacity of those whom he had accepted. 8 R. 596; 7 An. 122; 12 An. 679; 14 An. 461, 673.

But these reasons do not apply when the objection is urged against one of the *grand jurors* composing the jury which found the indictment. The accused had no opportunity to question the grand jurors, and to object to any of them if they had not the legal qualifications. He did not, therefore, waive any of his rights.

Neither could he urge an objection *before* trial, when he only learned of its existence *after* trial. The law does not require an impossibility.

In The State *v.* Jones, this Court said: "We find from Hawkins' Pleas of the Crown, book 2, chap. 25, sections 26, 27, 28, that in the construction of the statute of the 2d Henry IV., C. 9, the following points have been decided: 'That a person arraigned upon any indictment taken contrary to the purvieu of this statute, may plead such matter in avoidance of the indictment. That a person outlawed upon any such indictment without a trial, may show, in avoidance of the outlawry, that the indictment was taken contrary to the form of the statute. That if any of the grand jury, who find an indictment, be within any one of the exceptions of the statute, he vitiates the whole, though never so many unexceptionable persons joined with him in finding it.' We feel satisfied that this construction furnishes the nicest and safest rule of decision; and that the incompetency of one of the grand jury so to find a bill of indictment, vitiates the whole proceeding." 8 R. 617.

Prosecutions shall be by indictment or information. Constitution, art. 6.

"The qualifications of a juror to serve in any of the courts of this State shall be the following:

To be a qualified elector of the State of Louisiana." Acts of 1868, No. 110.

Robert Coulter, not being a qualified elector of the State of Louisiana, was not a competent juror, and the bill of indictment found by the grand jury of which he was a member was a nullity. The District Judge should have set aside the verdict of the jury and quashed the indictment, when the fact was brought to his knowledge.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided, that the verdict of the jury be set aside, and that the case be remanded to the District Court to be proceeded with according to law.