STATE OF OREGON, Respondent, *v.* ROBERT BRUCE, Appellant.

Indictment for Illegal Voting—When Sufficient after Verdict.—An indictment for illegal voting, based upon § 630 of the Criminal Code, is sufficient after verdict, when it charges the defendant with having willfully, knowingly and unlawfully voted at a legally authorized election for representative to the Congress of the United States, held at a specified time and place, although the indictment does not disclose the reason of the disqualification of defendant.

Idem.—The defendant, in order to have availed himself of the defect in the indictment, in not specifying wherein the illegality of the vote complained of consisted, should have done so by demurrer.

Idem—Objection Waived by Failure to Demur.—The objection that "the indictment does not substantially conform to the requirements of chapter eight of the Criminal Code," is waived by a failure to demur.

APPEAL from Multnomah County.

The indictment is as follows:

"Robert Bruce is accused, by the grand jury of the county of Multnomah, by this indictment, of the crime of voting illegally, committed as follows:

"The said Robert Bruce, on the 13th day of October, A. D. 1873, in the county of Multnomah and State of Oregon, in the precinct of East Portland, in said county and State, did willfully, knowingly and unlawfully, vote at a legally authorized election, then and there being held for the purpose of electing a representative to the Congress of the United States, he, the said Robert Bruce, then and there having no lawful right to vote at said precinct of East Portland; and he, the said Robert Bruce, then and there well knowing himself not entitled by law to vote thereat, contrary to the statute," etc.

Appellant, without objection to the sufficiency of this indictment, pleaded not guilty thereto, and upon the trial was convicted of the crime as charged. Thereupon, by his counsel, he filed a motion in arrest of judgment, and for a new trial, which, upon the hearing thereof, was overruled by the court, and he was sentenced to pay a fine of four hundred dollars.

The errors relied upon on the motion were: error in admitting in evidence, against the objection of appellant, the poll-books of South Portland, Morrison and Northeast Portland precincts; in admitting in evidence testimony tending to show that appellant voted on the 13th day of October, 1873, at the different precincts above named; in admitting testimony to show that the defendant was a citizen of the State of Oregon; and entitled to vote at any general or special election held therein.

*Bull & Stott and C. W. Parrish,* for Appellant.

*Durham & Thompson,* for the State.

By the Court, BONHAM, J.:

It is claimed by counsel for appellant in this case:

1. That the facts charged in the indictment do not constitute a crime.

2. That there was a fatal variance between the evidence adduced by the State and the allegations of the indictment.

3. That the court erred in admitting irrelevant testimony tending to show that defendant voted at places in Multnomah County, on October 13, other than East Portland precinct.

These three propositions embrace all the questions necessary to be considered in this case, inasmuch as the other objection, that the verdict of the jury was against the evidence, could in no event be made available in the absence of a showing of all the evidence in the case, which the bill of exceptions does not pretend to give.

The statute upon which this indictment is based (Crim. Code, § 630), reads as follows: "If any person shall vote or offer to vote at any legally authorized election in this State, knowing himself not entitled by law to vote thereat, or shall vote or offer to vote at any poll or in any precinct at any such election, knowing himself not entitled by law to vote at such poll or in such precinct, such person, upon conviction thereof, shall be punished," etc.

It was conceded on the argument, and the bill of exceptions shows, that Robert Bruce, the appellant, was a lawful voter within the State of Oregon on the 13th day of October, 1873, and it would follow, under our Constitution and election laws, that he had the right on that day to cast one vote at any voting precinct within the State for representative in Congress, provided there was a legally authorized election for the same then held.

In view of these facts, is the indictment in this case sufficient to sustain the verdict and the judgment pronounced upon it? While we agree that a *demurrer* to this indictment should have been sustained, had one been interposed, on the ground that it does not substantially conform to the requirements of chapter eight, title one, of the Criminal Code, yet we do not think that the defects in the same are of such a character that they may be successfully urged on motion in arrest of judgment or upon appeal.

. Under the provisions of chapter eight, title one, of the Code of Criminal Procedure, the defendant had the right, if he had chosen at the proper time and in the proper manner to have demanded it, to have required that the State should specify wherein and for what reason he was charged to have been an illegal voter—whether because he was charged to be a minor, a non-resident of the State, an alien who had not declared his intention to become a citizen, as required by law, or that he was not entitled to vote at the time and place charged, because he had already voted at the same election at some other time and place.

But having slept upon his rights by failing to demand, by demurrer, a fuller specification of the facts and circumstances necessary to the complete identification of the transaction charged against him as a crime, he cannot be heard to object to the indictment after a trial upon the merits, when it substantially charges a crime in the language of the statute.

By his silence and acquiescence, the defendant virtually says: "I understand the nature and cause of the accusation against me, and am ready to meet it upon the issues of fact raised by my plea of not guilty." If the defendant had not so understood the accusation, it was his right and duty to have said so by demurrer, without putting the court and its officer, and the county, to the unnecessary labor and expense of a trial, by the result of which he had resolved, in advance, not to abide, if the issue should be found against him.

This reasoning, of course, does not apply to an indictment which is subject to the objections raised by the first and fourth grounds of demurrer, as specified by statute. (Crim. Code, §§ 123, 131.)

Counsel for appellant in this case, in support of their position that the indictment is fatally defective in not specifying the grounds of the disqualification of defendant as a voter at East Portland precinct, cite, with much reliance, the case of *Quinn* v. *The State* (9 American R. 754), in which the Supreme Court of the State of Indiana held that an indictment for illegal voting very similar to this was in-

sufficient, because it did not sufficiently inform the defendant of the precise nature of the offense charged, so as to enable him to prepare for his defense; but in the case referred to, it will be observed that a motion to *quash* the indictment was interposed by the defendant, which, after argument, was overruled by the court below, and exceptions to the ruling duly taken. In the case in hand, if the indictment had been demurred to, and the demurrer had been overruled, we should hold the same as was held by the Supreme Court of Indiana in *Quinn* v. *The State;* but the cases do not stand alike—the motion to quash under the Indiana practice being equivalent to the demurrer under ours.

To hold that every minor defect in an indictment may, for the first time, be taken advantage of after trial upon the merits, would do violence not only to the spirit, but to the letter of our Code of Criminal Practice, and would result in entailing upon the public unnecessary expense, and in many instances in thwarting the ends of justice.

We hold, then, that the indictment in this case, although defective in the respects hereinbefore mentioned, does. charge a crime, and that its defects, not having been objected to by demurrer, are cured after verdict. This view of the case, as to the sufficiency of the indictment, disposes of the second and third objections against the appellant, involving the questions of irrelevancy of the testimony and the alleged variance between the proofs and the allegations of the indictment.

Judgment affirmed.