State vs. Alexander.

---

### No. 8932.

### THE STATE OF LOUISIANA vs. JERRY ALEXANDER.

Mere temporary absence from the State, during the year prior to the service of a juror, if without the intention of changing citizenship or abandoning residence, will not destroy the qualifications of the juror.

APPEAL from the Second District Court, Parish of Bienville.   *Drew*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*D. H. Patterson* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   The sole error assigned is the overruling of a motion to quash the indictment, on the ground that one of the grand jury finding the same did not possess the qualifications required by law, because not a citizen of the State and not a *bona fide* resident of the parish for one year next preceding his service as grand juror.

It appears that the grand juror objected to had, for more than a year, sojourned in the State of Texas, upon business of a temporary nature, but, as he declares, with no intention of changing his citizenship or abandoning his residence in Bienville Parish.   Upon concluding the business, he returned to his home, where he had been for about eight months prior to his summons as grand juror.

We agree with the District Judge. that such temporary absence, under the circumstances and with the intentions disclosed, had no effect upon his citizenship, domicile, or upon his residence, in the sense in which that term is used in the Act No. 54 of 1880, prescribing qualifications of jurors.