[Filed April 14, 1891.]

## STATE OF OREGON *v.* SAMUEL J. HORNE.

INDICTMENT—SURPLUSAGE.—All unnecessary words in an indictment may after judgment be rejected as surplusage, and if the indictment is good after striking them out, the conviction must stand.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Affirmed.

*Alfred F. Sears,* for Appellant.

*W. T. Hume,* for Respondent.

BEAN, J.—The defendant was tried, convicted and sentenced to imprisonment in the penitentiary for the term of ten years, under an indictment, the charging part of which is as follows: "The said Samuel J. Horne, on the 26th day of August, 1890, in the county of Multnomah and State of Oregon, did wilfully, unlawfully, feloniously, forcibly and violently make an assault in and upon one Ella Bennett, a female child under the age of fourteen years, by then and there unlawfully, feloniously, forcibly and violently ravishing and carnally knowing her, the said Ella Bennett, against her will," etc.

The contention of appellant is, that this indictment charges only the crime of an assault, and that the court erred in sentencing him to imprisonment in the penitentiary. The argument is, that the language: "By then and there unlawfully, feloniously, forcibly and violently ravishing and carnally knowing her, the said Ella Bennett, against her will," is only descriptive of the means by which the assault was committed, and does not charge the crime of rape. No objection was made to the indictment in the court below, but the question is raised here for the first time, and therefore the only question to be considered is, does the indictment sufficiently charge carnal knowledge of a female under the age of fourteen years. By Section 1733, Hill's Code, it is provided that "if any person shall carnally know any female child under the age of fourteen, * * * such person shall be deemed guilty of rape, and upon conviction thereof

shall be punished," etc.    By this section, a female under the age of fourteen years is conclusively presumed to be incapable of consenting to sexual intercourse, and a man who has connection with such a female, although she may have in fact consented, is guilty of rape.    As carnal knowledge with or without force in such case is rape, it follows that the allegations of force and want of consent in an indictment are mere surplusage and need not be proved, and as a consequence that all the allegations in the indictment before us of the assault by defendant may be rejected, and if the indictment is good after striking them out, the conviction must stand.    (*State* v. *Abrams*, 11 Or. 169; *State* v. *Tom Lovey*, 11 Or. 326; *State* v. *Webster*, 39 N. H. 96; *Davis* v. *State*, 42 Tex. 226.)

Turning now to the indictment, we find it inartificially drawn and containing much unnecessary language, but we think it clearly charges the defendant with carnally knowing Ella Bennett, a female child under the age of fourteen years, and that is all that is necessary to support a conviction. (Hill's Code, §§ 1279, 1280.)    The indictment seems to have been drawn in a somewhat careless manner and without regard to the form provided by statute, and that accuracy which should always be used in the preparation of such instruments, but the defendant did not see proper to avail himself in the court below of any defect in the indictment and we think it is now too late for him to do so.

The judgment of the court below will, therefore, be affirmed.