Argued 23 January; decided 20 March, 1899.

## STATE v. LEE.

[56 Pac. 415]

RAPE—INDICTMENT—DUPLICITY.—An indictment charging that defendant, being a male person over sixteen years of age, did forcibly ravish and have carnal sexual intercourse with a specified female child under sixteen years of age, charges common law as well as statutory rape, and is open to an objection for duplicity, which, however, is waived by failure to demur. After a conviction on evidence of a forcible ravishment the allegations as to age will be rejected, the charge being complete without them: *State* v. *Horne*, 20 Or. 485, applied.

From Washington: THOS. A. McBRIDE, Judge.

James Lee, Jr., was convicted of rape, and appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Samuel B. Huston* and *Martin L. Pipes.*

For the state there was a brief over the name of *Mr. T. J. Cleeton,* district attorney, with an oral argument by *Mr. D. R. N. Blackburn,* attorney general, and *Mr. Cleeton.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, James Lee, Jr., was tried upon an indictment, the charging part of which is as follows : "That said James Lee, Jr., on the 17th day of June, A. D., 1897, in the said County of Washington, State of Oregon, then and there being, and being then and there a male person over the age of sixteen years, did then and there, wilfully, unlawfully and feloniously, forcibly ravish and have carnal sexual intercourse with one Sarah Ann Hammock, a female child under the age of sixteen years " ; and, having been convicted, he was sentenced to imprisonment in the penitentiary for the term of three years, from which judgment he appeals.

This indictment was predicated upon a violation of the provisions of section 1733, Hill's Ann. Laws, as amended by the act of the legislative assembly approved February 23, 1895, which reads as follows : " If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years, or any person shall forcibly ravish any female, such person shall be deemed guilty of rape, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than three nor more than twenty years " : Laws, 1895, p. 67. The state, to maintain its case, introduced evidence tending to prove that the prosecuting witness was only twelve years old when the alleged assault was committed, and that the defendant forcibly ravished her ; but, having rested without offering any proof of the defendant's age, his counsel moved the court to instruct the jury to acquit him, which motion having been overruled, an exception was saved. The defendant offered to prove that at the time of the commission of the alleged crime he was not sixteen years old, but the court, refusing to permit such testimony to

be introduced, allowed an exception to its ruling. It is maintained that the indictment only charges the defendant with carnally knowing a female under the age of sixteen years, and that the phrase "forcibly ravish," as used therein, is a mere statement of a legal conclusion deducible from the allegation of sexual intercourse and founded upon the application of such force only as the law implies from the inability of the female, by reason of her immature age, to give her consent to an act of copulation, and, hence, that the allegation of defendant's age was material, a failure to prove which was such a variance as should secure a reversal of the judgment, and that the refsual of the court to permit the defendant to prove that he was under the age of sixteen years at the time it is alleged that the crime was committed was the denial of a substantial right, to his prejudice.

Counsel for the state insist, however, that the indictment charges the commission of two offenses, viz., common-law and statutory rape, and that, inasmuch as no demurrer on account of the duplicity was interposed, the state had the right to adopt either theory of the case ; that, having elected to rely upon the allegation of a forcible ravishment, the averment of defendant's age became immaterial ; and that after verdict such averment should be rejected as surplusage, if the indictment properly charges the commission of the common-law offense. The statute, in prescribing the manner of stating an offense, provides that the indictment must charge but one crime, and in one form only ( Hill's Ann. Laws, § 1273 ), and that any violation of this rule affords a ground of demurrer ( Id. § 1322 ), but, if no demurrer for the duplicity be interposed, the objection to the pleading on that account is thereby waived : Id. § 1330 ; *State* v. *Bruce*, 5 Or. 68 ; *State* v. *Doty*, 5 Or. 491 ; *State* v. *Jarvis*, 18 Or.

360 (23 Pac. 251); *State* v. *Horne,* 20 Or. 485 (26 Pac. 665). An indictment which charges "that said A B on the —— day of ——, 18—, in the county aforesaid, being then and there a male person over the age of sixteen years, carnally knew one C D, a female child under the age of sixteen years," would have probably stated facts sufficient, under our statute to have constituted a crime : 1 Hill's Ann. Laws, p. 1002, Form No. 7; Id. § 1269; Laws of Oregon, 1895, p. 67. The rule was early established by the courts that the seeming acquiescence of a female of feeble mind or of very tender years to an act of sexual intercourse afforded no defense to an action of rape, because such female, being ignorant of the nature of the act, was incapable of yielding consent, from a defect of understanding : *Hays* v. *People,* 1 Hill, 351; *Stephen* v. *State,* 11 Ga. 225; *O'Meara* v. *State,* 17 Ohio St. 515; *Moore* v. *State,* 17 Ohio St. 521. Legislative assemblies, applying the rule thus established, have arbitrarily prescribed, in many instances, the age at which a female of ordinary intelligence is presumed to have attained such a degree of mental development as to be capable of consenting to the commission of that particular immoral act, which, when discovered, ostracizes her from good society.

"The law," says Mr. Justice Wolverton in *State* v. *Sargent,* 32 Or. 110 (49 Pac. 889), "has determined that a female child under the age denominated is incapable of consenting. It is as though she had no mind upon the subject—no volition pertaining to it. There is a period in child life when in reality it is incapable of consenting, and the legislature has simply fixed a time—arbitrarily, as it may be, but nevertheless wisely—when a girl may be considered to have arrived at an age of sufficient discretion, and fully competent, to give her consent to an act which is palpably wrong, both in morals and in law."

The law, therefore, conclusively presumes that a female under the prohibited age is incapable of yielding her consent, and sexual intercourse with her before she reaches the period of mental development is denominated statutory rape, in which actual force is not necessarily an ingredient, and, if alleged in the indictment, may be treated as surplusage : *State* v. *Horne,* 20 Or. 485 ; *McComas* v. *State*, 11 Mo. 116. If the indictment be regarded as charging the defendant with the statutory crime, the allegation that he did "forcibly ravish" her, as contained therein, was a deduction which the law implies from the averment of sexual intercourse between persons of the ages alleged, and amounted to a statement of a legal conclusion, which might have been treated as surplusage ; but, in this view of the case, it would have been incumbent upon the state to prove that the defendant was over the age of sixteen years. An indictment charging "that said A B, on the —— day of ——, 18—, in the county aforesaid, did then and there forcibly ravish one C D, a female," would have stated facts sufficient to constitute the crime of rape : 1 Hill's Ann. Laws, p. 1002, Form No. 7 ; Id. § 1269 ; Laws of Oregon, 1895, p. 67. A comparison of the indictment in the case at bar with the forms hereinbefore set out will disclose that it charges two separate offenses, but, the defendant not having demurred for the duplicity, the error was waived ; and hence the allegations of the respective ages of the defendant and of the prosecutrix may be stricken therefrom as surplusage, without affecting the conviction : *State* v. *Abrams*, 11 Or. 169 (8 Pac. 327) ; *State* v. *Tom Louey*, 11 Or. 326 (8 Pac. 353) ; *State* v. *Horne*, 20 Or. 485 (26 Pac. 665).

It is contended that the evidence was insufficient to identify the defendant as the person who committed the crime, and, this being so, the court erred in not direct-

ing a verdict of acquittal. The testimony of the prose-
cuting witness is to the effect that, as she was returning
from school on the day in question, the defendant, whom
she had known from childhood, came up behind her, and
inquired if that was the way to a neighbor's house, say-
ing that he had not been in that vicinity for four or five
years, and had forgotten the road; that, after the defend-
ant had thrown her down, she asked him his name, and
he replied that it was Johnson, but she says she knew
that it was the defendant. On cross-examination, in
referring to the person who had assaulted her, she says
she told her mother it might be the defendant's cousin,
for she did not think it looked like the defendant. The
evidence also tends to show that her father was at home
when she arrived that evening, and, seeing that she
refused to eat any supper and looked ill, he inquired
what ailed her, but she only replied that she was sick;
that the girl's mother, being away at the time, reached
home the next day, while the daughter was in school,
and that the latter did not inform her mother of the
assault until she retired that night; that her father filed
an information before a justice of the peace against the
defendant and his cousin, separately charging each with
the commission of the crime. But he attempts to ex-
plain his conduct in this particular by saying that his
object in attempting to procure the arrest of the defend-
ant's cousin was to obtain from him evidence which
might tend to convict the defendant. It also appears
that ill-feeling had existed for several years between the
defendant's father and the parents of the prosecuting
witness. The testimony of the physicians, who made
an examination of the prosecutrix within a few days
after she complained of the injury, tends to corroborate
her, in so far as the assault upon her is concerned; and,
having testified that it was the defendant who committed

the offense, we think there was sufficient evidence to go to the jury upon the question of his identity, thus leaving the girl's credibility to be determined by them, after considering all the evidence that might tend to impair it, and, having found the defendant guilty, we find no reason for interfering with the judgment, which must be affirmed.

                                                    Affirmed.

Decided 14 March; rehearing denied 20 June, 1898.