Argued November 1, decided November 15, 1909 ; rehearing denied January 25, 1910.

## STATE v. EMMONS.

[104 Pac. 882 ; 106 Pac. 451.]

INTOXICATING LIQUORS — UNLAWFUL GIFT — INTENT TO EVADE LOCAL OPTION LAW.

1. Under the local option law (Laws 1905, p. 48, Chap. 2, Sec. 15), making subject to prosecution any person who shall sell, exchange, or give away, with the purpose of evading that law, intoxicating liquor, an intent to evade the law is an essential ingredient in case of a gift of intoxicating liquor.

INTOXICATING LIQUORS—INDICTMENT—FORM OF ALLEGATION.

2. An allegation that accused in one transaction did "sell, barter, and give away intoxicating liquor" is sanctioned by the rules of criminal pleading as to the statement of a statutory offense ; and an averment in that form is permissible.

INTOXICATING LIQUORS—INDICTMENT—SUFFICIENCY.

3. An averment in an indictment for violation of the local option law of an intention to evade "the order of prohibition duly made and entered in the county court" is not tantamount to an allegation of a disposal of intoxicating liquor with the purpose of evading the local option law, since the order evidencing the application of that law to a particular territory cannot be classed as the law itself, and the indictment is fatally defective under Constitution of Oregon, Article I, Section 11, and Section 1306, B. & C. Comp., passed in pursuance thereof, requiring an indictment to be direct and certain as regards the crime charged and the particular circumstances thereof.

INDICTMENT AND INFORMATION—"CAPTION"—MISTAKE IN—EFFECT.

4. The "caption" of an indictment is the preamble, which is designed to indicate in a general way the kind of crime alleged to have been committed, and to show that the trial court has jurisdiction thereof, and a mistake therein in designating the correct name of the offense is not a fatal defect, for it is the sufficiency of the averments of the charging part of an indictment that is the gist of the accusation.

INDICTMENT AND INFORMATION—ALLEGATIONS NOT NECESSARILY DESCRIP-
TIVE—SURPLUSAGE.
5. An allegation of an indictment, not necessarily descriptive of the
offense, may be treated as surplusage and rejected without vitiating the
accusation, if sufficient averment remain to constitute a valid charge.

CONSTITUTIONAL LAW—INDICTMENT—NATURE OF CRIME CHARGED.
6. Under Section 11, Article I, Constitution of Oregon, one charged with
the commission of a crime has the right to insist that the indictment shall
set forth the facts constituting the offense, in order to enable the accused
to prepare his defense.

INDICTMENT—INTOXICATING LIQUORS—"GIVE AWAY."
7. Where an indictment charges "that the defendant did unlawfully
* * * give away * * * intoxicating liquors, etc.," and as the law does not
make a gift thereof a misdemeanor, unless such gift is in reality a sale, it
is necessary to allege that the liquor was given away with a purpose of
evading the local option law then in force.

From Wallowa:   JOHN W. KNOWLES, Judge.

The defendant, Al Emmons, was convicted of the crime
of violating the local option law and from the judgment
which followed, he appeals.                        REVERSED.

For appellant there was a brief over the names of
*Messrs. Burleigh & Boyd* with an oral argument by *Mr.
Daniel Boyd*.

For the State there was a brief with oral arguments by
*Mr. Andrew M. Crawford*, Attorney General, and *Mr.
Francis S. Ivanhoe*, District Attorney.

Opinion by MR. CHIEF JUSTICE MOORE.

The defendant was convicted of the crime of selling
alcoholic drinks in violation of the provisions of the local
option law, and appeals from the judgment which fol-
lowed; his counsel contending that an error was com-
mitted in overruling a demurrer to the indictment, based
on the ground, *inter alia*, that the facts stated therein did
not constitute a crime.

1. The formal parts of the charge are as follows:

"The said Al Emmons did on the 20th day of December,
1908, in the county of Wallowa and State of Oregon, then
and there being, wrongfully and unlawfully sell, barter,
and give away to one Guy Harris intoxicating liquors,

Sig. 12

to-wit, one pint of intoxicating liquor, with intention to evade, and contrary to the provisions of, an order of prohibition, duly made and entered by the county court of Wallowa County, State of Oregon, on the 15th day of June, A. D. 1906, which said order then and there prohibited the sale of intoxicating liquors in the whole of said county, and which said order ever since has been and still is in force and effect in the whole of said county; and all contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The local option law prescribes the method of securing its adoption in a county, in a subdivision thereof, or in a precinct therein, and provides that at the time the enactment becomes operative "any person who shall thereafter, within the prescribed bounds of prohibition, sell, exchange, or give away, with a purpose of evading the provisions of this law, any intoxicating liquors whatsoever, or in any way violate the provisions of this law, shall be subject to prosecution," etc. Laws Oregon 1905, p. 48, c. 2, § 15. Although the language last quoted is somewhat doubtful, a fair construction thereof leads to the conclusion that an intent to evade the provisions of the local option law is an ingredient of the crime in the case of a gift of intoxicating liquor, and that in all other instances a purpose of evading the provisions of such law is not essential to a conviction for a violation thereof. It may be considered in some sections of the State to be a moral wrong for a person within the prescribed bounds of prohibition to give an acquaintance a drink of intoxicating liquor, or to invite him to the home of such person where wine or beer is served, but it is not believed that in the language of our statute such gifts of alcoholic drinks were intended to be interdicted by the local option law. Black, Intoxicating Liquor, § 407. Where, however, an article of trivial value is sold for a sum of money equal to that usually received for a glass or a bottle of intoxicating liquor, and such drink is also supplied to the purchaser as a part of the transaction, under the pretense of donation,

or any other subterfuge, the simulated gift is equivalent
to a sale and clearly made "with a purpose of evading the
provisions of this law," and therefore violative thereof.
*United State* v. *Dodge,* (Deady), 186, 188, Fed. Cas. No.
14,974. Under the provisions of Section 15 of the local
option law, when a person is charged with the crime of
giving away intoxicating liquor within the bounds of pro-
hibition, the indictment must aver that such donation was
made "with a purpose of evading the provisions of this
law," as adopted and in force at the time of such gift, in
a county, in a subdivision thereof, or in a precinct therein,
and this, being so, it remains to be seen whether or not
the formal accusation in the case at bar is sufficient in this
respect. The fundamental law of the State enacts that in
all criminal prosecutions the accused shall have the right
to demand the nature and cause of the accusation against
him. Const. Or. Art. I, § 11. The statute passed in pur-
suance of such requirement provides that the indictment
must be direct and certain as it regards the crime charged
and the particular circumstances thereof, when they are
necessary to constitute a complete offense. Section 1306,
B. & C. Comp.

A text-writer in speaking of a formal accusation, says:
"An indictment for an offense against a statute must by
the ancient rules of pleading with precision and certainty
charge the defendant to have committed or omitted the
acts, under the circumstances and with the intent men-
tioned in the statute; and, if any of these ingredients be
omitted, the defendant may demur and move in arrest of
judgment, or bring a writ of error. The defect will not
be aided by verdict, nor be cured by the formal conclusion
that the defendant's acts are *contra formam statuti.*"
Sedgwick, Statutes and Constitutional Law, 115. In
*State* v. *Malloy,* 34 N. J. Law, 410, 413, Mr. Justice SCUD-
DER, referring to the language last adduced, says: "This
is but a repetition and summary of what will be found in
all the books"; citing many authorities. So, too, in *State*

v. *Freeman,* 6 Blackf. (Ind.) 248, in a prosecution for unlawfully selling spirituous liquors, it was held that, when an evil intent accompanying an act is made by statute necessary to constitute the commission of such a crime, the intent must be alleged in the indictment and proved as stated. The local option law, it is true, is in the nature of an enabling act, authorizing the qualified electors of a certain territory, by a majority vote in favor of prohibition, cast at an election duly called and held for that purpose, to appropriate the provision of the act to such locality and to make it effective therein, which fact is evidenced by the order of the county court, declaring the result of such vote and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, which order is made *prima facie* evidence of the regularity of the proceedings. Section 10 of the local option law.

2. It is difficult to understand how a person in one disposal of alcoholic beverage could "sell, barter, and give away * * intoxicating liquors"; but, as the rules of criminal pleading adopted in this State sanction such practice in the statement of a statutory offense, the averment in that form was permissible. *State* v. *Carr,* 6 Or. 133, 134; *State* v. *Bergman,* 6 Or. 341, 344; *State* v. *Dale,* 8 Or. 229, 231; *State* v. *Humphreys,* 43 Or. 44, 47 (70 Pac. 824.)

3. As the local option statute makes the giving away of intoxicating liquor, "with a purpose of evading the provisions of this law" an offense, an averment of an intention to evade "the order of prohibition duly made and entered by the county court of Wallowa County," etc., is not tantamount to an allegation of a disposal of such alcoholic beverages with a purpose of evading the provisions of the local option law, for the order evidencing the application of the law to a particular territory cannot be classed as the law itself, and, such being the case, an error was committed in overruling the demurrer.

The judgment is therefore reversed, and the cause remanded for the purpose of initiating a new trial.

REVERSED.

Decided January 25, 1910.

## ON MOTION FOR REHEARING.

[106 Pac. 451.]

Opinion by MR. CHIEF JUSTICE MOORE.

4. In a petitnon for a rehearing, it is maintained by counsel for the State that the defendant was charged in the indictment with having unlawfully sold intoxicating liquors; that the testimony incorporated in the bill of exceptions shows that the accusation was conclusively established; and that the judgment rendered discloses a conviction thereof, and, such being the case, any reference in the opinion to a gift of alcoholic beverage was a misconception of the questions involved.

The caption of the indictment states that the defendant is accused of the crime of selling intoxicating liquors. The charging part of the accusation, however, so far as deemed material, is as follows: "The said Al Emmons did * * wrongfully and unlawfully sell, barter and give away to one Guy Harris intoxicating liquors," etc. The "caption" of an indictment is the preamble, which is designed to indicate in a general way the kind of crime alleged to have been committed and to show that the trial court has jurisdiction thereof. 10 Enc. Pl. & Pr. 419. A mistake in the caption in designating the correct name of the offense is not a fatal defect, for it is the sufficiency of the averments of the charging part of an indictment that constitutes the gist of the accusation. *State* v. *Sweet*, 2 Or. 127; *State* v. *Jarvis*, 18 Or. 360 (23 Pac. 251) ; *State* v. *Taylor*, 50 Or. 449 (93 Pac. 252.)

5. The caption will therefore be disregarded, and the charging part of the accusation, under consideration, will be re-examined to ascertain if it contains sufficient averments to uphold the judgment. As a preliminary matter, however, it is proper to consider whether or not the words "give away," which form a part of the predicate of the

charge, can be eliminated, for if they can be rejected the remaining words of the assertion, viz., "sell" and "barter," will undoubtedly be sufficient, without averring that such disposition of the intoxicating liquor was made with a purpose of evading the provisions of the local option law then in force in Wallowa County. An allegation of an indictment which is not necessarily descriptive of the offense may be treated as surplusage and rejected without vitiating the accusation, if sufficient averments remain to constitute a valid charge. *Burchard* v. *State*, 2 Or. 78; *State v. Abrams,* 11 Or. 169 ( 8 Pac. 327) ; *State* v. *Tom Louey,* 11 Or. 326 (8 Pac. 353) ; *State* v. *Horne,* 20 Or. 485 (26 Pac. 665) ; *State* v. *Lee,* 33 Or. 506 (56 Pac. 415) ; *State* v. *Humphreys,* 43 Or. 44, (70 Pac. 824.)

6. The practice prevailing in this State permits setting forth in an indictment facts constituting the commission of a statutory offense as stated in the accusation herein, and authorizes a conviction if either of such facts is established at the trial. Thus, in the case at bar, if the testimony had proved beyond a reasonable doubt that the defendant either sold or bartered, or gave away intoxicating liquors, a verdict of guilty as charged might have been returned, and a valid judgment could have been rendered thereon. A gift of intoxicating liquor having been specifically alleged in the indictment, the organic law of the State, which guarantees to a party accused the right to demand the nature and cause of the charge, Constitution of Oregon, Article I, § 11, permits the defendant to insist that the accusation shall set forth all the facts necessary to constitute the commission of the offense in the particular manner stated, so as to enable him to prepare his defense. The averment that the defendant did give away intoxicating liquor is necessarily descriptive of one form of the offense charged, as much so as the allegation of a sale and barter of alcoholic beverage, and, such being the case, the words "give

away" could not have been treated as surplusage and rejected without vitiating the accusation, though if either of the words "sell" or "barter" had remained the indictment would have been sufficient.

7. The indictment practically contains three separate counts, which are necessarily descriptive of the offense, severally charging: (1) A sale of intoxicating liquor; (2) a barter of such drink; and (3) a giving away thereof. Each of these charges was required to be complete, and as it is alleged that the defendant "gave away" intoxicating liquor, and as the law does not make a gift thereof a misdemeanor, unless some subterfuge has been adopted whereby a pretended donation is practically a sale, it was necessary to allege that intoxicating liquor was given away with a purpose of evading the provisions of the local option law then in force in Wallowa County, Oregon.

Because a sale of intoxicating liquor is sufficiently alleged and conclusively established, the proof of that fact does not cure the defective allegation of a gift of such beverage, which is a statement of a material fact relating to the manner of committing the offense, thus showing that the indictment was deficient in this respect and therefore insufficient in all particulars.

It follows from these considerations that the petition must be denied, and it is so ordered.

REVERSED: REHEARING DENIED.