CASE 56.—PROSECUTION AGAINST THE LOUISVILLE &
          NASHVILLE RAILROAD COMPANY FOR MAINTAIN-
          ING A NUISANCE BY SUFFERING ONE OF ITS
          BRIDGES TO BE AND REMAIN OUT OF REPAIR.—
          November 17.

# L. & N. R. R. Co. v. Commonwealth

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1. Indictment and Information—Conclusions of Law—Public Nui-
   sances.—An indictment for maintaining a public nuisance
   which charges defendant with the offense of permitting a
   public nuisance charges a mere conclusion of law, and must
   be supported by allegations of fact showing how the offense
   charged was committed.

2. Nuisance — Public Nuisances — Criminal Prosecutions—Indict-
   ment.—In a prosecution of a railroad company for maintaining
   a public nuisance, the indictment charged that the company
   had failed to keep in repair a public bridge extending over
   its track, but there was no allegation of fact showing that
   it was the duty of the railroad company to repair the bridge,
   except a recitation that the defendant did "suffer and permit
   its said bridge to become and remain out of repair and dan-
   gerous." Held that the indictment did not sufficiently charge
   a duty to keep the bridge in repair.

BENJAMIN D. WARFEILD for appellant.

REUBEN A. MILLER, WILBUR F. BROWDER and CHAS. H.
MOORMAN of counsel

1. We submit that nowhere is it alleged in the indictment that
the bridge was the property of appellant, that it built it, or main-
tained it or that it was its duty to maintain it.

L. & N. R. R. Co. v. Commonwealth.

2. Even if its ownership was alleged, the testimony wholly fails to show that fact.

3. We ask the court to hold that the indictment for the defect stated was bad on demurrer, and the court should have so held.

4. The other errors relied on were (1) in refusing to direct the jury to return a verdict of not guilty, (2) the verdict is against the law and evidence and (3) the instruction No. 1 given by the court was erroneous and prejudicial.

JAMES BREATHITT, Atty. Genl. and CHAS MORRIS for appellee.

Our contention is:

1. That the indictment comes up to all the Code requirements.

2. A nuisance may be committed by one, who by obstruction or impedement, renders a public highway inconvenient or dangerous to travel, unless the act or failure to act, is caused by absolute necessity. (Cin. R. R. Co. v. Comlth., 80 Ky., 137.)

3. In order to show a nuisance, it was necessary to show that the bridge was dangerous to the traveling public, and this question was properly submitted to the jury.

4. The use of the word "must" in the instruction was a mere inaccuracy and did not mislead the jury, and therefore was not prejudicial.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The grand jury of McLean county returned the following indictment against the appellant, the Louisville & Nashville Railroad Company: "The grand jury of McLean county, in the name and by the authority of the Commonwealth of Kentucky, accuse defendant, the Louisville & Nashville Railroad Company, of the offense of willfully suffering, permitting, and keeping on premises in their occupation and under their control a common public nuisance, committed in manner and form as follows: Said defendant is, and was at all times and dates hereinafter mentioned, an incorporated railroad company engaged in operating a rail-

road in and through this county over which many
trains are run, and was incorporated by and exists
under the laws of the State of Kentucky, and at a
point on its right of way, in the county aforesaid, in
or near the village of Island, there was many years
ago a bridge erected over, above, and across the track,
on which the cars and trains of defendant are run, and
said bridge is sufficiently high above the defendant's
track at that point to permit the trains and cars of
defendant to pass below and under said bridge. This
bridge is on and makes a part of the Hartford and
Sacramento road, which is a public and a much used
road and thoroughfare in McLean county at that point
and is, and has been for many years and more than
fifteen years, used for public travel by a large number
of the good people of the county and State who pass
and repass and have the right to pass upon and over
said bridge of defendant, and heretofore, on the———
day of ————————, 190—, and continuously for twelve
months last past, and during all of said time the said
defendant did, in the county aforesaid and at the point
aforesaid suffer and permit its said bridge to become
and remain out of repair and dangerous to the safety
of all the good people of the Commonwealth then and
there passing upon and over said bridge, and having
the right to then and there pass and repass upon and
over same, and has suffered the floor, supports, sides,
ends, approaches, timbers, railings, and foundations of
said bridge to be and become and remain insecure and
out of repair and dangerous to those passing upon and
over same, and such unsafe and dangerous condition
has been by defendant suffered and permitted to con-
tinue for a long and unreasonable length of time, and
during the whole of the twelve months next before the
finding of this indictment, to the common public

nuisance of all the good people in the neighborhood residing, passing and being, and especially of those passing upon and over said bridge and having the right then and there to pass and repass, and against the peace and dignity of the Commonwealth of Kentucky.'' A general demurrer was filed by the defendant to this indictment and overruled by the court, whereupon a trial was had by a jury, with the result that the defendant was found guilty as charged, and a fine of $200 inflicted as a punishment for permitting the nuisance complained of.

On appeal the railroad company complains of the following errors: First, that the court erred in overruling its demurrer to the indictment; second, that its motion for a peremptory instruction to the jury to find it not guilty should have been sustained; third, that the court erred in instructing the jury as to the law of the case.

The first question with which we are confronted is the sufficiency of the indictment. The accusatory part of it charges the defendant with the offense of suffering and permitting a common nuisance; but this is a mere conclusion of law, and must be supported by allegations of fact showing how the offense charged was committed. The pleading in no way connects the defendant with the bridge alleged to have been allowed to become unsafe, except the recitation that the defendant did ''suffer and permit its said bridge to become and remain out of repair and dangerous,'' etc. No duty on the part of the defendant to repair or maintain the bridge for the benefit of the public is charged; nor are there any allegations of fact from which such a duty would necessarily flow. The indictment alleges that the bridge constitutes a part of a public highway, over which the traveling public has a

right to pass and repass at will. From this it must be concluded that the public right is equal, if not superior, to that of the appellant in the use of the structure. For aught that appears to the contrary, the defendant may have many years ago built this bridge for its own private purposes, and the county afterwards constructed the highway which runs across the right of way of the defendant and over its bridge. The right of way may have been condemned by the county or granted by the railroad; but surely the public may not take a corporation's bridge and wear it out, and then require the owner to repair it. Suppose the bridge should be blown down by a storm, or washed away by a freshet, would the railroad, in the absence of a contract or a statute requiring it so to do, be under any duty to rebuild it? In order to view the problem from a different angle, suppose a farmer has a deep ravine a cross his farm; that for his own purposes he has constructed a substantial bridge over the ravine; that afterwards the county should construct a public highway across the farm, and over the bridge, either condemning the right of way or obtaining a grant of it from the owner—with what face might the public, under these facts, require the farmer to keep the bridge in repair simply because he owned the ultimate property or reversionary right in the timbers of the structure? And yet that is the very proposition presented by the indictment under discussion. The title of the bridge is alleged to be in the defendant. The use of it as a part of the public highway is alleged to be in the public. In the absence of any allegation showing a duty on the part of the defendant corporation to repair, it must be presumed that this duty rests upon the county. This being true, it follows that the indictment fails to state an offense on

the part of appellant, and its general demurrer should have been sustained. This conclusion makes it unnecessary to examine or decide the other questions presented by the assignment of errors.

Judgment reversed, with directions to dismiss the indictment.