## L. & N. R. R. Co. v. Commonwealth.

(Decided September 27, 1911.)

### Appeal from McLean Circuit Court.

1. Criminal Law—Sufficiency of Indictment.—An indictment against a railroad company for maintaining a public nuisance, in permitting an overhead bridge to become dangerous, and which alleges that the company built the bridge over the right-of-way of the railroad in order to maintain a public highway across it. and that the bridge was necessary in order to restore the highway to the condition it was in before the railroad was cut through the highway, sufficiently connects the railroad with the bridge alleged to have been allowed to become unsafe.

2. Former Conviction.—A former conviction of a railroad company under an ordinance of a town of a misdemeanor for permitting its bridge to be and remain dangerous, is not a bar to a subsequent indictment for permitting the same bridge to become and remain dangerous.

3. Same.—Section 158 of the constitution, which provides that a conviction or an acquittal under a municipal ordinance shall constitute a bar to another prosecution for the same offense. refers to statutory offenses and does not embrace the case of a nuisance, which is a common law misdemeanor only.

BROWDER & BROWDER and BENJAMIN D. WARFIELD for appellant.

JAMES BREATHITT, Attorney General and CHARLES H. MORRIS, Assistant Attorney General for appellee.

. OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant was indicted, convicted and fined $337.00 for maintaining a public nuisance in permitting an overhead bridge in the town of Island in McLean

county to become and remain unsafe and dangerous. It is insisted that the indictment is insufficient when construed in the light of the language found in the opinion in Louisville & Nashville Railroad Co. v. Commonwealth, 130 Ky., 432. The indictment in that case related to the same bridge to which this indictment refers; and, in directing the former indictment to be dismissed, this court said:

"The pleading in no way connects the defendant with the bridge alleged to have been allowed to become unsafe, except the recitation that the defendant did suffer and permit its said bridge to become and remain out of order and dangerous."

In other words, the indictment in the former case was insufficient because it did not show that the railroad company owned or controlled the bridge over its highway.

Upon the dismissal of that case, this indictment was subsequently returned; and, as might have been expected, it attempted to cure the defects which rendered the former indictment insufficient. In the case at bar the indictment contains the following allegations:

"Many years ago, and more than ten years ago, the defendant built and constructed above and across its track and right of way in the said village of Island an overhead bridge, a wooden structure, which formed and constituted and now forms and constitutes a part of the said public highway, and which bridge was necessary for them to construct and maintain upon and across its right of way in order to restore said public highway to the condition it was in before said railroad was cut and constructed across and under said highway—and did unlawfully and for a long and unreasonable period of time suffer and permit its said bridge at said point to become and remain out of repair, and so decayed, and the timbers thereof so rotten and unsecure as that said bridge was unsafe and dangerous to all of the good people of the Commonwealth then and there passing upon and over said bridge when travelling upon said highway at said point."

These allegations clearly connected the defendant with the bridge alleged to have been out of repair, and avoided the only defect of the former indictment.

Furthermore, it was further stipulated between counsel for appellant and appellee as follows:

"At this point it is agreed by counsel for plaintiff

and defendant that the Louisville & Nashville Railroad Co. built and owns the bridge referred to above.''

And again, it was further stipulated as follows:

''At this point it is agreed by counsel for plaintiff and defendant that the road in question is an established road, and that the Louisville & Nashville Railroad Co. owns the roadbed over which it is constructed.''

We are of opinion that the indictment was sufficient, and that the proof fully sustained it.

2.  The appellant interposed a plea of former conviction, based upon three judgments of the Police Court of the town of Island in favor of the Commonwealth and for the use of the town against the appellant for $75.00, $100.00 and $100.00 entered on March 31st, May 1st and May 5, 1911, respectively, and after the indictment was returned, but before this case was tried. The warrants were issued and the judgments obtained in these three cases under and by virtue of an ordinance adopted by the Board of Trustees of the town of Island on March 10, 1911, which made it a midemeanor, punishable by a fine of not less than $50.00, nor more than $100.00, for any railroad company operating a railroad through the town of Island to permit any bridge it maintained to be and remain in an unsafe condition, every period of fifteen days to constitute a seperate offense. These three judgments were recovered against the company after the return of the indictment, and it is claimed that the offenses charged in the three warrants were the same as that set out in the indictment. Clearly, however, this defense is unavailing under the opinions of this court in Respass v. Commonwealth, 107, Ky., 139; Lucas v. Commonwealth, 118 Ky., 820; and Ehrlick v. Commonwealth, 125 Ky., 742. In these and other cases this court held that a conviction under an ordinance for an offense not punishable by statute, such as a nuisance as in the case at bar, did not bar a conviction for the same offense in the circuit court under an indictment. Section 168 of the constitution, which provides that a conviction or an acquittal under a municipal ordinance shall constitute a bar to another prosecution for the same offense, refers to statutory offenses and does not embrace the case of a nuisance, which is a common law misdemeanor only.

It is objected that instruction No. 1 is erroneous, because it is based upon the fact, recited to have been agreed of record, that the appellant built and ''owns''

the bridge in controversy, while it is claimed that the agreement was only that the appellant built the bridge in question. The record as above quoted, however, shows that the parties agreed that the appellant "built and owns" the bridge referred to above; and that being true, the instruction was proper.

The judgment is affirmed with damages.