Argued October 28, affirmed December 10, 1958

## STATE OF OREGON *v.* ANDERSON
### 332 P. 2d 884

*Harold Banta,* Baker, argued the cause for appellant. On the brief were Banta, Silven & Horton, Baker.

*Michael S. Mogan,* Canyon City, District Attorney for Grant County, argued the cause and filed a brief for respondent.

Before Perry, Chief Justice, and Warner, McAllister, Sloan and O'Connell, Justices.

PERRY, C. J.

The defendant was convicted of aggravated assault and battery as set forth in ORS 163.255.

From the judgment of conviction defendant appeals.

Defendant's principal assignment of error charges that the indictment is duplicitous in that more than one crime is charged. The charging part of the indictment is as follows:

> "The said Donald Anderson on the 2nd day of September, 1956, in said County of Grant, and State of Oregon, then and there being, and not being armed with a dangerous weapon, did then and there unlawfully, wilfully, and feloniously commit an assault and battery upon one Robert E. Milton, by means of force likely to produce great bodily injury to the said Robert E. Milton, by then and there striking the said Robert E. Milton about the head and body with his the said Donald Anderson's hands, and by then and there kicking the said Robert E. Milton in the pelvic area and the testicles with his the said Donald Anderson's foot, * * *"

The alleged error was raised by defendant's demurrer to the indictment and by a motion to elect, both motions being overruled.

The jury found the defendant guilty as charged in the indictment.

The gist of defendant's contention is that, since the kicking occurred some minutes after the striking, the state's evidence discloses, first, a simple assault

and battery (ORS 163.260) and later an aggravated assault and battery (ORS 163.255).

We are satisfied from a reading of the record that there was but one crime charged. The recitations of the indictment and the evidence disclose one single transaction in which the battery upon the person was committed by different acts of violence to bring about and produce a likely result, "great bodily injury." *State v. Du Bois,* 175 Or 341, 153 P2d 521; *State v. Laundy,* 103 Or 443, 204 P 958, 206 P 290; *State v. Fiester,* 32 Or 254, 50 P 561.

■ The defendant also complains that the trial court in giving one of his requested instructions inadvertently substituted the conjunctive "and" for the disjunctive "or". The pertinent part of this instruction reads as follows:

"* * * In other words, the defendant is to be judged by conditions as they appeared to him at the time. If you find from the evidence that improper, unnecessary *and* unreasonable force had been used upon him, then he would be justified in repelling such invasion of his person by such force as was available to him and seemed, under the circumstances as they then appeared, reasonably necessary therefor." (Italics ours)

The defendant contends that by reason of the substitution a greater burden was placed upon him, because to justify his force to repel an invasion of his person he was required to show that the force of the police officers was not only improper, but unnecessary and also unreasonable.

It is to be noted, the instruction complained of is a direction to the jury to apply a principle of law to facts which the jury might deduce from the evidence.

In a prior instruction, setting forth this same legal principle, which the trial court was directing the jury to apply if they found certain facts to exist, the trial court properly used the disjunctive "or" as follows:

"* * * if you find from the evidence in this case that the arresting officers were using improper *or* unnecessary force upon the defendant, then he would have the right himself to use such force as was necessary for his own protection, and the fact that the parties using the force were police officers would not change the rule in any respect. * * *" (Italics ours)

We do not believe the jury could have been confused or misled.

Finding no reversible error, the judgment is affirmed.