Argued March 11, reversed March 18, petition for rehearing denied
April 15, 1959

# STATE OF OREGON *v.* POPIEL

337 P. 2d 303

*David Robinson, Jr.,* Deputy District Attorney for Multnomah County, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General for Oregon, Charles E. Raymond, District Attorney for Multnomah County, and Mr. A. Allan Franzke, former Deputy District Attorney.

*Donald E. Huffman,* Oak Grove, argued the cause for respondent. With him on the brief was Burton J. Fallgren, of Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

The defendant in this case was charged by an indictment returned by the grand jury of Multnomah County, Oregon, with the crime of assault and battery while unarmed by means of force likely to produce great bodily injury. The charging part of the indictment reads as follows:

"The said THEODORE F. POPIEL on the 16th day of June, A. D. 1957 in the County of Multnomah and State of Oregon, then and there being, and not then and there being armed with a dangerous weapon, did then and there unlawfully and feloniously commit an assault and battery upon another to wit, Mary M. Cloyd, by means of force likely to produce great bodily injury, to wit, by then and there striking, beating and bruising the head, face and body of the said Mary M. Cloyd with his hands and fists, the said acts of defendant being contrary to the Statutes in such cases made

and provided, and against the peace and dignity of the State of Oregon."

It further appears that this indictment was drawn under and pursuant to the provisions of ORS 163.255, which provides as follows:

"Any person, not being armed with a dangerous weapon, who assaults another or who commits any assault and battery upon another by means of force likely to produce great bodily injury shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

Defendant demurred to the indictment on the grounds that the indictment fails to state facts sufficient to charge a crime, that the statute above referred to was invalid and unconstitutional as violating the provisions of the Constitution of Oregon and the Constitution of the United States of America with reference to due process and equal protection of the law; that the statute in question was so indefinite and uncertain in the penal provisions thereof as to constitute an unconstitutional and invalid delegation of authority to the grand jury and committing magistrate; and further, that the indictment does not sufficiently conform to the requirements of ORS 132.510, 132.520(2) and 132.540(f). The demurrer was sustained and the State of Oregon appeals.

In argument respondent contended, first, that the phrase "by means of force likely to produce great bodily injury" was so indefinite and uncertain that it fails to effect any substantial difference from the simple assault and assault and battery statute; secondly, since there is no difference, the statutes overlap and therefore it leaves it within the discretion of the prosecuting authorities as to whether defendant should be charged with a misdemeanor or felony, as

prohibited by a previous decision of this court in *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698; and thirdly, that in any event the penalty does not conform to Section 16, Article I of the Oregon constitution which requires that "all penalties shall be proportioned to the offense."

Since the purported crime is alleged in the wording of the statute, we will first consider defendant's main contention having to do with indefiniteness and uncertainty, since respondent's first two contentions rest upon that proposition.

"The provisions of the Equal Protection Clause of the Fourteenth Amendment apply as limitations upon all instrumentalities through which the state acts. 12 Am Jur 137, Constitutional Law, Section 473. In the first instance of course, it applies to the legislative department. The Equal Protection Clause of the Fourteenth Amendment, and Article I, Section 20 of the Oregon Constitution are alike in that they constitute similar limitations upon legislative action for the protection of the individual from arbitrary or capricious legislation. Phillips v. City of Bend, 192 Or 143, 153, 234 P2d 572; Savage v. Martin, 161 Or 660, 91 P2d 273. Affirmatively stated, both provisions constitute a pledge of the protection of equal laws. Power Manufacturing Co. v. Saunders, 274 US 490, 71 L Ed 1165. The Constitution does not require that a law shall affect all persons exactly alike, but there is a guaranty of like treatment to all persons similarly situated. It is not the purpose of either constitutional provision to take from the states the right and power to classify the subjects of legislation. It is only when such attempted classification is arbitrary and unreasonable that the courts can declare it to be beyond the legislative authority. Jeffrey Mfg. Co. v. Blagg, 285 US 571, 59 L Ed 364; Sproles v. Binford, 286 US 374, 76 L Ed 1167. This is not to lay down a general rule that the

courts will invalidate statutes merely because they are unreasonable. The Constitution does imply that if by statute the conduct of one person or group produces a certain legal consequence, while the conduct of another person or group produces a different legal consequence, there must be some rational distinction between the persons or groups of persons in question sufficient to warrant the application to them of different legal consequences for their acts.  *  *  *" *State of Oregon v. Pirkey,* 203 Or 697, 702.

"We hold that the provision of the statute which purports to vest in a grand jury or magistrate the unguided and untrammeled discretion to determine whether a defendant shall be charged with a felony or a misdemeanor, is unconstitutional.  *  *  *" *State v. Pirkey,* supra, 203 Or 697 at page 708.

■■ In arriving at the legislative intent in the enactment of a statute, it should be read in connection with all statutes relating to the same subject matter, and effect should be given to every word, phrase, sentence and section of all such statutes, if possible. *State v. Buck,* 200 Or 87, 262 P2d 495; *In re O'Shea's Estate,* 176 Or 500, 159 P2d 198; *State v. Flynn,* 137 Or 8, 299 P 694; *Stowe v. Ryan,* 135 Or 371, 296 P 857. From this it would appear that the words "by means of force likely to produce great bodily injury" refer not only to the provisions of the questioned statute relating to assault and battery, but also to the provision relating to simple assault. Adopting this construction the question arises as to whether or not such words add an additional element in a reasonable, substantial way so as to constitute a crime separate and apart from that described in ORS 163.260 which is the misdemeanor statute relating to ordinary assault and assault and battery.

■ The expression "great bodily injury" is equivalent to the expression "great bodily harm." *Terre Haute Electric Ry. Co. v. Lauer,* 21 Ind App 466, 52 NE 703. Great bodily harm means "more than a mere injury by the fist, such as is likely to occur in ordinary assault and battery." *State v. Doherty,* 52 Or 591, 595, 98 P 152. See also *State v. Rader,* 94 Or 432, 469, 186 P 79, for a collection of Oregon cases. *State v. McDaniels,* 145 Neb 261, 16 NW2d 164; *State v. Davis,* 72 Wash 261, 130 P 95.

In the case of *People v. Cavanaugh,* 13 Ill2d 491, 150 NE2d 592, it was held that a similar phrase did not make the indictment void as being too vague or indefinite.

■ In the case of *People v. Hahn,* 147 Cal App2d 308, 305 P2d 192, 194, where the defendant hit the victim on the back of the head with a beer can, which, under the law of that state was not a dangerous weapon, it was held that it was a jury question as to whether or not sufficient force was used to produce great bodily injury, holding that the measure to be applied to the force is whether it was likely to produce serious bodily injury, not whether in fact serious injury occurred. The rationale for the distinction between aggravated assault or aggravated assault and battery and simple assault or ordinary assault and battery is set forth in *State v. Gray,* 43 Or 446, 455, 74 P 972, as follows:

"* * * A strong, powerful man, with his fists alone is capable of visiting great physical injury upon his victim much his inferior in strength or endurance, and he may even thus take life. * * * An assault by a weaker person upon a stronger with the fists, without the physicial ability presently apparent to do great injury, could not, it must be conceded, justify the taking of life, and

the question as to the degree of danger attending the assault is one for the jury; * * *."

It will thus be seen that the question of whether force was used likely to produce great bodily injury is one of fact and is generally a question for the jury. *State v. McDaniels; State v. Gray,* both supra; *People v. Nudo,* 38 Cal App2d 381, 101 P2d 162; *People v. Fuentes,* 74 Cal App2d 737, 169 P2d 391.

■ It thus appears that the crime created by the questioned statute by the addition of another element, viz., force likely to produce great bodily injury, differs from assault and assault and battery in a reasonable and substantial way, notwithstanding that there is an element of degree as to which estimates might differ. As was said by Mr. Justice Holmes in the case of *Nash v. United States,* 229 US 373, "The law is full of instances where a man's face depends upon his estimating rightly, that is, as a jury subsequently estimates it, some matter of degree." The words "due care" is a prime example of some matter of degree. The phrase "due caution or circumspection" as used in the manslaughter statute, is another good example.

■ We now turn to the question of whether the penalty is proportional to the offense. Our statute is similar to that of California (see Section 245, California Penal Code). While constitutional questions were not involved, many convictions have been upheld under such aggravated assault statute. See *People v. Hahn,* supra; *People v. Dewson,* 150 Cal App2d 119, 310 P2d 162; *People v. McCaffrey,* 118 Cal App2d 611, 258 P2d 557; *People v. Pullins,* 95 Cal App2d 902, 214 P2d 346; *People v. Bumbaugh,* 48 Cal App2d 791, 120 P2d 703. Further, the maximum penalties provided in the Oregon statute are in line with the maximum

penalties provided under similar statutes in other states. See Section 242, New York Penal Laws, 5 years; Section 709 Pennsylvania Laws, 1939, page 872, 3 years; Section 245 Cal Penal Code, 10 years.

While the constitutionality of the questioned statute has not been discussed by this court prior to the hearing of this appeal, attention is called that on December 10, 1958 in the case of *State v. Anderson*, 215 Or 72, 332 P2d 884, where the crime was charged under the provisions of the statute in question, it was held that the indictment was not duplicitous and only charged one crime.

In view of the conclusions reached it therefore follows that the circuit court erred in sustaining the demurrer and dismissing the action.

Reversed.