Argued May 21, affirmed May 27, 1959

STATE OF OREGON *v.* ELKINS ET AL

339 P. 2d 715

510

*Arthur G. Higgs,* Assistant Attorney General, Portland, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Walter H. Evans, Jr., Portland, filed a brief for respondents Elkins and Ferguson.

Howard R. Lonergan, Portland, filed a brief for respondent Maloney.

David H. Fertig, Portland, filed a brief for respondent McLaughlin.

Before McALLISTER, Chief Justice, LUSK, WARNER, PERRY, SLOAN, O'CONNELL and MILLARD, Justices.

O'CONNELL, J.

This is an appeal by the State from a judgment of the circuit court for Multnomah County sustaining demurrers to the indictments returned against defendants in nine separate cases which were consolidated on appeal. All of the indictments charged the defendants with the same crime. The charging part of the indictment reads as follows:

"The said James B. Elkins, H. E. Ferguson, Thomas E. Maloney and Joseph P. McLaughlin, on or about the 23rd day of August, 1955, in the City of Portland, County of Multnomah and the State of Oregon then and there being, did then and there, and in conjunction with each other and with other persons to the Grand Jurors unknown, wilfully, wrongfully and unlawfully commit an act which grossly disturbed the public peace, openly outraged public decency, and was injurious to public morals of the people of the City of Portland, by then and there wilfully, wrongfully and unlawfully setting

up and operating for gain an illegal bootlegging establishment known as the 829 Club at 829 Southwest Third Avenue, one of the public thoroughfares of said city, in which establishment persons congregated for the purpose of unlawfully drinking intoxicating liquors to the common nuisance and annoyance of all good citizens, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

The caption of the indictments contained a notation indicating that they were framed under ORS 161.310 which reads as follows:

"If no punishment is expressly prescribed for the act by the criminal statutes, any person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages the public decency and is injurious to public morals, upon conviction, shall be punished by imprisonment in the county jail for not less than one month nor more than six months, or by fine not less than $50 nor more than $200."

It is conceded by the state that the indictment is insufficient to charge a crime under ORS 161.310. This concession is made because it is recognized that ORS 161.310 was designed to cover offenses against the public peace, health and morals not elsewhere made punishable under our statutes and which offenses were known at common law as "indictable nuisances." *Barnett v. Phelps,* 97 Or 242, 191 P 502 (1920). The state admits that the crime charged in the indictment was not an "indictable nuisance" at common law. The state also admits that ORS 161.310 is not applicable because elsewhere in our statutes "punishment is expressly prescribed for the act" alleged in the indictment.

The state argues that the reference to ORS 161.310 in the caption is not a fatal defect because the suffi-

ciency of an indictment is determined by the averments in the charging part of the indictment and not the caption, and that the indictment before us charges a crime under ORS 471.620.

■ We have held, as the state contends, that an indictment may be good in spite of the error in designating the offense in the caption. *State v. Briggen,* 112 Or 681, 231 P 125 (1924); *State v. Emmons,* 55 Or 352, 104 P 882, 106 P 451 (1910); *State v. Jarvis,* 18 Or 360, 23 P 251 (1890). This assumes, of course, that the charging part of the indictment so clearly alleges facts constituting a crime that the defendants would not reasonably be confused by the erroneous designation of the crime in the caption. *State v. Doud,* 190 Or 218, 225 P2d 400 (1950); *State v. Smith,* 182 Or 497, 188 P2d 998 (1948); *State v. Coffman,* 171 Or 166, 136 P2d 687 (1943).

ORS 132.530 commands that "The indictment must be direct and certain as to the party charged, the crime charged and the particular circumstances of the crime charged when such circumstances are necessary to constitute a complete crime" and the indictment must be framed "in such manner as to enable a person of common understanding to know what is intended." ORS 132.520.

We must consider, then, whether the indictment sufficiently designates the crime which the state now alleges was committed in violation of ORS 471.620. That section reads as follows:

"Any room, house, building, boat, structure or place of any kind where alcoholic liquor is sold, manufactured, bartered or given away in violation of the law, or where persons are permitted to resort for the purpose of drinking alcoholic beverages in violation of the law, or any place where such bev-

erages are kept for sale, barter or gift in violation of the law, and all liquor or property subject to confiscation under ORS 471.610 kept and used in such place is a common nuisance. Any person who maintains or assists in maintaining such common nuisance or knowingly suffers or permits such nuisance to exist in any place of which he is the owner, manager or lessor, shall be guilty of a violation of the Liquor Control Act."

■■ We shall assume for the purpose of disposing of this case that the indictment casts the charge in the language of ORS 471.620. But even if assumption is made, the indictment is not sufficiently specific to inform the defendants of the crime with which they are charged. Unless the language of ORS 471.620 contains within itself a complete description of the act or acts which constitute the crime its incorporation into the indictment will not satisfy the requirement of specificity. *State v. Burke,* 126 Or 651, 269 P 869, 270 P. 756 (1928), appeal dismissed 279 US 811 (1929); *State v. Packard,* 4 Or 157 (1871); see also *State v. Smith,* supra. But ORS 471.620 is not self-sufficient in this respect; it defines the crime of maintaining a common nuisance by reference to acts which are "in violation of the law" and standing alone it requires the reader to seek elsewhere in the statutes the additional conduct or circumstances which rendered unlawful the acts described in ORS 471.620. Thus, the statute refers to the place where alcoholic liquor is sold, manufactured, bartered or given away "in violation of the law." There are various circumstances under which the disposition or manufacture of alcoholic liquor would constitute a violation of the law; because it was a sale to a minor, ORS 472.310(3); a sale without a license, ORS 472.310(1); a sale on election day, ORS 471.450, or the violation of any other statute re-

lating to the disposition of alcoholic liquor. See ORS 472.310.

■ In referring to a place "where persons are permitted to resort for the purpose of drinking alcoholic beverages in violation of the law" ORS 471.620 does not specifically describe the circumstances which would make the conduct unlawful whether the phrase "in violation of the law" was intended to refer to the manner of drinking or the purpose of resorting. The indictment as drawn is no more specific than the statute in setting forth the allegations as to the defendants' alleged unlawful conduct. It charges the defendants with "unlawfully * * * operating for gain an illegal bootlegging establishment" but it does not indicate in what respect the place or operation is illegal; it charges that persons congregated in that establishment "for the purpose of unlawfully drinking intoxicating liquors to the common nuisance and annoyance of all good citizens, contrary to the statutes" but it is not disclosed in what particulars the acts constituted an annoyance or were contrary to statutes.

Under these circumstances the defendants could not adequately prepare their defense because they would not know which of the various possible violations of the statutes the state might resort to in prosecuting its case. The indictment is, therefore, inadequate and the demurrers were properly sustained.

Judgment affirmed.