Argued October 27, 1965, reversed and remanded January 26, 1966

# STATE OF OREGON *v.* ANDERSON
## Cr. 3379
### 410 P. 2d 230

*Paul A. Thalhofer,* Pendleton, argued the cause and filed a brief for appellant.

*Michael S. Killoran,* Deputy District Attorney, Pendleton, argued the cause for respondent. With him on the brief was Richard J. Courson, District Attorney.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, LUSK and SCHWAB, Justices.

LUSK, J.

The defendant was charged in a complaint filed in the District Court for Umatilla County with a violation of the Oregon nuisance statute, ORS 161.310. He was convicted in the district court, appealed to the circuit court, where he was again convicted, and has appealed to this court.

As we view the case, the only question that need be considered is whether the facts stated in the complaint constitute a crime. No demurrer was filed, but the objection was raised by motion in arrest of judgment. Upon such a motion the court is authorized to consider the sufficiency of the complaint: ORS 136.810; ORS 135.630 (4); ORS 156.030. The complaint reads:

"The above named defendant Bobby Ray Anderson is accused by this complaint of the crime of gross offense against the public peace, decency and morals committed as follows, to-wit:

"The said defendant Bobby Ray Anderson in the County of Umatilla, and State of Oregon, on the 18th day of May, A.D., 1964, then and there being, did then and there wilfully and unlawfully do an act, to-wit, did transport explosives upon the public highways of the State of Oregon, which said act grossly disturbed the public peace, openly outraged the public decency and injured public morals,

contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

ORS 161.310 reads:

"If no punishment is expressly prescribed for the act by the criminal statutes, any person who wilfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages the public decency and is injurious to public morals, upon conviction, shall be punished by imprisonment in the county jail for not less than one month nor more than six months, or by fine not less than $50 nor more than $200."

■ This statute was intended to cover offenses against the public peace, the public health, and the public morals not elsewhere made punishable by the criminal statutes and which were known at common law as indictable nuisances: *State v. Elkins et al,* 216 Or 509, 511, 339 P2d 715; *Mult. Co. Fair Ass'n. v. Langley,* 140 Or 172, 176, 13 P2d 354; *State v. Waymire,* 52 Or 281, 285, 97 P 46, 132 Am St Rep 699, 21 LRA NS 56; *State v. Nease,* 46 Or 433, 440, 80 P 897.

■ While, as a general rule, in an indictment for an offense created by statute, it is sufficient to describe the offense in the words of the statute, yet this is not always the case.

"* * * [W]here the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all of its essential elements * * * the statutory words must be supplemented by other allegations which clearly and accurately set forth every ingredient of the offense with such precision and certainty as to leave no doubt in the minds of the accused and the court as to the exact offense in-

tended to be charged." 27 Am Jur 663, Indictments and Informations § 103.

See *State v. Smith,* 182 Or 497, 502, 188 P2d 998.

■■ Obviously, these requirements apply with full force to a complaint or indictment charging a violation of the nuisance statute. "It is impractical," it is said in 2 Wharton's Criminal Law and Procedure 684, § 819, "to attempt an exact definition [of a public nuisance] which will be universally applicable, because each individual case must stand on its own facts, and there is such a great variation between factual situations." Hence, without clear, direct and full allegations of the facts from which it can be seen that the act or conduct alleged falls within the embrace of the statute, it cannot be said that a crime is charged. As stated in 66 CJS 967-968, Nuisances § 164:

> "An indictment, information, or complaint for a public nuisance must set forth the essential ingredients of the offense, and describe and identify the alleged nuisance sufficiently to put defendant on notice as to what he is required to defend. A mere conclusion of law is insufficient; it must be supported by allegations of fact showing how the offense charged was committed."

See *State v. Elkins,* supra, 216 Or at 514; *In re Cohn,* 37 Cal App 2d 39, 98 P2d 769; *Commonwealth v. Phoenix Amusement Co., Inc.,* 241 Ky 678, 690-691, 44 SW2d 830; *L. & N. R. R. Co. v. Commonwealth,* 130 Ky 432, 435, 113 SW 517.

■■ The only fact alleged in the complaint is that the defendant transported explosives upon the public highways of the state of Oregon. The transportation of explosives on the public highways is not per se a public nuisance, though it may be such in particular

circumstances: 2 Wharton, supra, 700, § 832; *Kentucky Glycerine Co. v. Commonwealth,* 188 Ky 820, 224 SW 360, 11 ALR 715, with Annotation at 719; *Denney v. United States* (10th Cir.) 185 F2d 108, 110; *Smith v. United States* (ED Va) 155 F Supp 605, 609; *Holman v. Clark,* 272 Mo 266, 275-276, 198 SW 868; 66 CJS 797, Nuisances § 47. As stated in *Smith v. United States:* "The manufacture, keeping or storing of explosives is not *per se* a public nuisance. * * * Whether or not such acts do constitute a nuisance depends upon the surrounding circumstances such as locality, quantity or manner of manufacture or storage." The complaint alleges that transportation of the explosives "grossly disturbed the public peace"; but this is a mere conclusion; in what way it disturbed the public peace is not disclosed and, for all that appears, the explosives may have been transported with every precaution being taken for the public safety.

 If an accused can admit the truth of every allegation of fact in the complaint and still be innocent of a crime, the complaint is insufficient and will not support a conviction: *State of Oregon v. Buck,* 200 Or 87, 103-104, 262 P2d 495; *State v. Smith,* 11 Or 205, 207, 8 P 343. Giving due regard to the rule that the allegations of an indictment or complaint will be construed with less strictness when their sufficiency is first challenged by a motion in arrest of judgment: *State v. Mims,* 235 Or 540, 546, 385 P2d 1002, we are, nevertheless, of the opinion that the complaint is so entirely lacking in allegations of fact essential to state a crime that it was error to deny the motion.

The judgment is reversed and the cause remanded for further proceedings.