Argued October 6, affirmed November 30, petition for
rehearing denied December 27, 1966

# STATE OF OREGON *v.* ROY ALLEN WILKINSON

420 P. 2d 629

*Julian Herndon, Jr.,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Portland, Deputy District Attorney, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and George M. Joseph, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Defendant appeals a conviction for negligent homicide.

The indictment alleged that defendant had driven his car in a grossly negligent manner in certain particulars and then alleged:

> "and the aforesaid ROY ALLEN WILKINSON while so driving the said motor vehicle did strike a bicycle on which one Cheryl Hessel was riding, thereby inflicting certain bodily injuries upon the person of the said Cheryl Hessel, who as a proximate result of said injuries did die on the 10th day of October, 1964, * * *."

The pertinent part of ORS 163.091 reads:

> "When the death of any person ensues within one year as the proximate result of injuries caused by:
> "(1) The driving of any motor vehicle or combination of motor vehicles in a grossly negligent manner; * * *."

Two of defendant's assignments of error claim the indictment was defective because it specifically failed to allege that the acts of gross negligence caused the accident and the fatal injuries suffered by the victim.

Defendant says that because of the failure to use the word "cause" that he could admit the allegations of this indictment and not be guilty of negligent homicide. The challenges to the indictment were on a motion for a directed verdict of acquittal and upon a motion to withdraw the charge of negligent homicide and submit to the jury only a charge of reckless driving. It is, therefore, not necessary to decide if the indictment would have been vulnerable to demurrer.

■■ The indictment informed defendant with certainty as to the crime charged and as to what he must defend against. ORS 132.540 (1). It enabled "a person of common understanding to know what was intended." ORS 132.520 (2). *State v. Burke et al,* 1928, 126 Or 651, 662, 269 P 869, 270 P 756. It does not require more than common understanding to know that the words "while so driving" refers to the negligent driving; that "thereby inflicting" certain injuries means that the negligent driving caused such injuries. Webster's Third New International Dictionary. The assignments are without merit.

■ Other assignments say it was error for the court to admit into evidence some pictures of the nude and torn body of the girl who was killed. The pictures are somewhat gruesome. Defendant says that the prejudice created by the pictures outweighed the relevance they possessed as evidence.

The state's evidence, and theory of the case, was that, before the accident, the deceased girl and a companion were both riding the same bicycle along the graveled shoulder of a Portland street. At the same time defendant was driving his car on the paved portion of the same street; following and overtaking the girls' bicycle. The state claims that he drove so negligently that his car swerved from the paved part of the

highway onto the gravel shoulder and collided with the bicycle. Defendant acknowledged that the collision caused the girl's death.

The pictures were offered in evidence when a doctor was testifying to illustrate his testimony. The doctor explained that from the nature of the wounds, depicted in the pictures, that he could determine that when the car struck the girl it was coming from her left and from behind her. This was presented to corroborate the testimony of the other witnesses. Before the pictures were admitted the court required the doctor, in the absence of the jury, to explain in detail how a study of the pictures aided him in reaching that conclusion. The court then admitted three of the several pictures that were offered and, at the same time, instructed the jury as to the limited purpose of permitting the pictures to be displayed. The doctor was permitted to use the pictures to explain to the jury his theory of the direction from which the piercing impact came.

To that extent the pictures had probative relevance. And, although the pictures may have caused an emotional impact to members of the jury, they were not any more distressing than in many other cases in which traumatic damage to a human body is displayed. It was not error to admit the exhibits. *State v. Freeman*, 1962, 232 Or 267, 374 P2d 453, cert den 373 US 919, 83 S Ct 1310, 10 L ed2d 418 (1963).

Other assignments do not require discussion. The judgment is affirmed.

HOLMAN, J., dissenting.

If all the allegations of an indictment can be admitted and a set of facts can still exist under which the defendant would not be guilty, the indictment does

not state sufficient facts to constitute a crime. *State v. Anderson,* 242 Or 457, 462, 410 P2d 230 (1966); *State of Oregon v. Buck,* 200 Or 87, 103-104, 262 P2d 495 (1953); *State v. Smith,* 11 Or 205, 207, 8 P 343 (1883). The indictment alleges defendant killed decedent by striking her while driving in a negligent manner. It is possible for this to occur and the defendant's gross negligence not be the cause of the death. The indictment is insufficient because it does not allege any causal relation between defendant's gross negligence and decedent's death. I therefore dissent.