Argued January 22, affirmed February 19, 1970

STATE OF OREGON, *Respondent, v.*
JOSEPH MANNI, *Appellant.*

465 P. 2d 493

*Patrick J. Ledwidge* and *Chris P. Ledwidge,* Portland, argued the cause and filed the briefs for appellant.

*Joseph F. Ceniceros,* Deputy District Attorney, Portland, argued the cause for respondent. With him

on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

## LANGTRY, J.

Joseph Manni was convicted under ORS 163.255 of assault and battery "by force likely to produce great bodily injury." This appeal asserts that the court erred: (1) in failing to order an acquittal on a motion made at the close of the state's case, for lack of proof of sufficient force used in the assault, and (2) in not granting a new trial based on the court's remarks about the testimony of a defense witness.

(1). The alleged assault occurred in a tavern parking lot after a fight between patrons. The victim was Officer Mustard who had been called to the scene. Witnesses testified that defendant struck the back of the officer's head with his fist, from behind and without warning. The defendant denied striking the officer. The officer fell unconscious to the rocky surface of the parking lot, according to witnesses, while still being struck by defendant and one of his companions. He did not recover consciousness until much later in the hospital, where the cut to the scalp on the back of his head was sutured. The doctor who attended him testified that the wound could only be produced by "an awful hard blow with a hand * * * maybe [by] a monstrous individual." Defendant testified that he had no training or experience as a fighter.

Numerous cases discuss the crime defined by ORS 163.255. Probably the fullest discussion is in *State v. Popiel*, 216 Or 140, 145-47, 337 P2d 303 (1959), which

approves the rule that the inquiry is whether the force used "was likely to produce serious bodily injury, not whether in fact serious injury occurred." The opinion concludes the discussion with the statement that whether, in a given case, the requisite force was used is "generally a question [of fact] for the jury." In *State v. Bonner*, 241 Or 404, 406 P2d 160 (1965), wherein the victim was allegedly kicked, the court rejected defendant's contention that the statute does not apply to assaults where only "fists or feet" are used.

"The determining factor * * * is the amount of force that was used. [Citing *Popiel,* supra.] Whether the requisite * * * force was used * * * was a question for the jury under proper instructions." 241 Or at 408, 409.

The court's instructions in the case at bar did not undertake to expand on the wording of the statute. *State v. Popiel*, supra, provided the basis for an explanatory instruction, but none was requested and no exception was taken to the instructions given. The jury, having seen the parties and heard the witnesses, was in a position to judge the facts.

■ (2). Mr. Boston, a defense witness who had been drinking beer with defendant before the assault, tried to tell the jury that the police who arrived after the incident had brutally manhandled the other of his companions who was allegedly involved in the assault on Officer Mustard.

The court admonished the witness not to give such testimony because it was irrelevant to the charge. The witness, shortly after this admonition, volunteered the testimony in detail anyway, and the court said:

"THE COURT: Are you happy now? You got your story out, didn't you?

"THE WITNESS: It's the truth and it should be revealed.

"THE COURT: Has any civil action been brought for this?

"THE WITNESS: Not that I know of.

"THE COURT: Did you make any complaints before, about this?

"THE WITNESS: I felt that it would come out in any trial and then—

"THE COURT: Just answer my question, 'yes' or 'no.'

"THE WITNESS: No.

"THE COURT: Go ahead.

"Q (By Mr. Ledwidge) Was they any—did you see anything done to Mr. Manni?

"A No."

The court's remarks were not directed at defendant, and there is no showing that defendant was prejudiced in any way. The court was justifiably irritated with the witness. No request was made for a curative instruction and no objection or motion for mistrial was made at the time. The defendant had a fair trial.

The trial court properly exercised its discretion in denying the motion for a new trial.

Affirmed.