Argued March 19, affirmed May 28, 1970

STATE OF OREGON, *Respondent, v.*
CLARENCE H. HAMMICK, *Appellant.*

469 P2d 800

*Jack L. Joyce*, Corvallis, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted by jury of assault with a dangerous weapon and sentenced to three years' imprisonment. He appeals alleging the trial court's instructions to the jury on self-defense were erroneous in one particular.

Defendant and his girl friend Anna Jones, along with Curtis Harris, went to the home of Miss Jones's former boy friend, Jerry Graves, the assault victim, to discuss problems between them. There is a conflict about who was the aggressor and precisely what occurred in the encounter between defendant and Jerry Graves outside Graves's home—whether Jerry Graves attempted to hit defendant with his fist first or whether defendant first hit Graves. Most of the witnesses agreed that defendant hit Graves with his right hand, causing a severe facial cut. Although defendant's right forearm was in a cast, he had the use of his fingers and there was conflicting testimony as to whether the facial cut was inflicted by a hand-held instrument like a screwdriver butt with a razor blade or by the cast itself. Graves did not know what cut his face. He ran inside his home and defendant and the others left.

The court instructed the jury on self-defense. Without setting forth the self-defense instructions in detail, it suffices to say that they fairly informed the jury that their basic determination must be whether the retaliatory force used by defendant was, under all the facts disclosed by the evidence in the case, reasonable.

The defendant excepted only to the portion of the instruction which reads:

> "A person is entitled to use a dangerous weapon in self-defense only if he is in actual or reasonably apparent danger of death or great bodily harm. Great bodily harm within the rule governing self-defense means more than mere injury by the fists, which is likely to occur in an ordinary assault and battery."

Defendant's exception is as follows:

> "MR. JOYCE: * * *.
> "I except to that on the grounds and for the reason that bodily injury can be threatened just by the use of fists and in those circumstances the use of a knife—whatever you had would be appropriate."

Defendant's objection seems to be that the instruction limits use of a dangerous weapon in self-defense to occasions where great bodily harm is threatened by something more than an attack with fists. He points out that even the use of fists can in appropriate self-defense circumstances warrant the use of a dangerous weapon. The portion of the court's instruction concerning "great bodily harm" came from *State v. Doherty*, 52 Or 591, 595, 98 P 152 (1908), and was repeated with approval in *State v. Popiel*, 216 Or 140, 146, 337 P2d 303 (1959).

■ In reviewing and evaluating the instructions it is necessary to keep in mind the rule that for an instruction standing alone to constitute reversible error, it

must be such as would have prejudiced the defendant when the instructions are considered as a whole. *State v. Gowin*, 241 Or 544, 548, 407 P2d 631 (1965).

██ While the challenged instruction can be misconstrued, we do not believe the limiting construction placed upon it by defendant is warranted. The judge had already clearly instructed the jury in connection with self-defense that a person may use the kind and degree of force which a reasonable person in the same situation as defendant, seeing what he saw and knowing what he knew, would have believed to be necessary. The challenged portion of the instruction is more in the nature of an illustration of the type of attack which does not normally produce great bodily harm. Common sense tells us and the law recognizes that an assault with fists can produce serious bodily injury though it ordinarily does not and "whether, in a given case, the requisite force [to produce serious bodily injury] was used is 'generally a question [of fact] for the jury.'" *State v. Manni*, 1 Or App 589, 465 P2d 493 (1970). We think it goes without saying, as defendant argues in his brief, that it would be proper in a given case for a person to use a dangerous weapon in a nonlethal way to repel an attack. When considered as a whole the court's instructions do not foreclose such consideration.

In addition, it was by no means clear that defendant acted in self-defense. The facts concerning the assault were in dispute and even under defendant's version of the retaliatory force employed by him the application of self-defense was not clear. There was no error which would warrant this court in nullifying the judgment.

Affirmed.