Argued September 23, affirmed November 2, 1970

ISMAEL ANGEL MORA, JR., *Appellant, v.*
CUPP, *Respondent.*

475 P2d 985

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James A. Sanderson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

584

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

This is an appeal from an order dismissing an amended petition for post-conviction relief after the court had sustained a demurrer to it, and petitioner refused to plead further. In 1968, petitioner pleaded guilty to a charge of assault and battery while unarmed by means of force likely to produce great bodily injury. In his petition asking for post-conviction relief petitioner contends that he was denied due process of law under the Fourteenth Amendment to the Constitution of the United States in that he did not knowingly and understandingly enter his plea of guilty. His position is that his plea was not voluntary because the court did not adequately explain to him the nature of the charge against him or the acts necessary to make him guilty of the crime charged. The amended petition incorporated a transcript of the hearing on petitioner's guilty plea.

The information to which petitioner pleaded guilty in 1968 alleged petitioner committed an assault and battery while unarmed by means of force likely to produce great bodily injury in that he *struck and kicked* a nightwatchman. At the time petitioner pleaded guilty, the court asked petitioner if he had hit and kicked the nightwatchman. Petitioner answered that he had hit the nightwatchman, but had not kicked him. The court then explained to petitioner that the mere striking of a person with force not likely to produce great bodily injury was simple assault. The court further explained there was a distinction between the crime charged against petitioner and simple assault,

because the crime with which petitioner was charged is a felony with a maximum sentence of five years, whereas simple assault is a misdemeanor with a maximum sentence of one year. Petitioner was therefore told by the court he was pleading guilty to felony assault and not simple assault. The court then asked petitioner if he had assaulted and battered the night-watchman by means of force likely to produce great bodily injury. Petitioner answered, "yes."

The terms "assault and battery" and "great bodily injury" are not technical and obscure terms. *Tucker v. Gladden,* 245 Or 109, 420 P2d 625 (1966). An assault and battery with fists alone can produce great bodily injury. *State v. Hammick,* 2 Or App 470, 469 P2d 800 (1970). The trial judge adequately explained to petitioner the acts necessary to render him guilty of the crime with which he was charged.

Since petitioner incorporated into his amended petition a copy of the transcript of his guilty plea which showed the court gave an adequate explanation, the demurrer to the amended petition was properly sustained. See *Anderson v. Gladden,* 234 Or 614, 383 P2d 986 (1963), *cert denied* 375 US 975, 84 S Ct 485, 11 L Ed 2d 420 (1964).

Affirmed.