Argued October 29, 1971, affirmed January 6, petition for
rehearing denied February 2, 1972

STATE OF OREGON, *Respondent, v.*
ARNOLD HARRY EATON, (Nos. C-58393; C-58394;
C-58396; C-58397), *Appellant.*

492 P2d 506

*Gerald R. Pullen,* Portland, argued the cause and
filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant was convicted after jury trial of four offenses, consolidated for trial, of "assault and battery while unarmed by means of force likely to produce great bodily injury." ORS 163.255.[1] The four offenses arose from one incident where four girls were pushed into the Columbia River by the defendant. Defendant was sentenced to three concurrent five-year terms and one consecutive term of five years. Since this comes to us on a demurrer to the indictments we do not have before us whether the facts developed at the trial warranted submission of the four cases to the jury. That the indictments do not allege facts sufficient to constitute a crime is the sole ground urged by defendant on this appeal.

The indictments (omitting formal parts) read as follows:

"The said defendant on or about the 24th day of February, 1970, in Multnomah County, State of Oregon, and not being armed with a dangerous weapon, the said ARNOLD HARRY EATON did unlawfully, wilfully and feloniously commit an assault and battery upon another, to-wit, one * * * [victim's name], by means of force likely to produce great bodily injury to the said * * * [victim's name], to-wit, by pushing * * * [victim's

---

[1] ORS 163.255:

"Any person, not being armed with a dangerous weapon, who assaults another or who commits any assault and battery upon another by means of force likely to produce great bodily injury shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

name] into the Columbia River, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

■ The defendant urges that the above indictment is insufficient because the defendant can admit the truth of every allegation in the indictment against him and yet be innocent of any crime. If this is so, he points out, the indictment is insufficient and will not support a conviction, citing *State of Oregon v. Buck,* 200 Or 87, 262 P2d 495 (1953), and *State v. Anderson,* 242 Or 457, 410 P2d 230 (1966). Defendant insists that he could admit that he committed "* * * an assault and battery upon another * * * by means of force likely to produce great bodily injury * * * by pushing [the victim] into the Columbia River * * *" without admitting guilt of the crime charged. We disagree. Defendant, in support of his assertion, relies upon *State v. Anderson,* supra, which held that transporting explosives on the public highways is not a nuisance per se and was not brought within the gross nuisance statute, ORS 161.310, by the mere conclusory allegation that such transportation "grossly disturbed the public peace." In the present case, pushing a victim into the Columbia River against his will is unlawful per se, and the allegation that this unlawful battery involved force likely to produce great bodily injury is not merely conclusory, but is descriptive of the quantum of force which the jury must find to have been applied before it could find the defendant guilty of the offense.

The indictments which defendant challenges are drawn in the language of ORS 163.255.[1] They name the persons assaulted and generally describe the nature of the force used. Defendant did not demur to the

indictments on the ground that they were defective with reference to allegations of definiteness, certainty, or particularity of circumstances, ORS 135.630. That objection, if there were one, was waived by the failure to so demur.

■ Whether or not the force used in this case was "likely to produce great bodily injury" was a question of fact for the jury. This offense, as well as the lesser included offense of assault and battery, was properly submitted to the jury.

As was said in *State v. Bonner,* 241 Or 404, 406 P2d 160 (1965):

"* * * The determining factor * * * is the amount of force that was used. * * * Whether the requisite * * * force was used * * * was a question for the jury under proper instructions." 241 Or at 408, 409.

*See also State v. Popiel,* 216 Or 140, 337 P2d 303 (1959), and *State v. Manni,* 1 Or App 589, 465 P2d 493 (1970).

Affirmed.