Argued October 23, affirmed December 9, 1974

CROWFOOT ELEMENTARY SCHOOL DISTRICT
NO. 89, *Petitioner, v.* PUBLIC EMPLOYE
RELATIONS BOARD ET AL (No. C-261),
*Respondent.*

529 P2d 405

*Bruce Bischof,* Portland, argued the cause and filed the brief for petitioner.

*Henry H. Drummonds,* Eugene, argued the cause for respondent. With him on the brief were Kulongoski, Heid, Durham & Drummonds, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Petitioner-appellant, Crowfoot Elementary School District, appeals from an order of the Public Employe Relations Board (PERB) dismissing an unfair labor practice complaint filed by it against respondent, Crowfoot Education Association. The complaint charged that respondent-Association "directly communicated during the period of negotiations with officials other than those designated to represent the employer regarding employment relations" in violation of ORS 243.672 (2)(f).

The facts are stipulated. On January 14, 1974, the Crowfoot School District Budget Committee held a meeting. At the time thereof, the District and the Association were engaged in collective bargaining negotiations, having held approximately 20 meetings. There were approximately 75-100 people in the audience. While most were local teachers or members of their families, some were teachers from other school districts. In addition, Mr. Jack Hunter, Uni-Serve Director for the Oregon Education Association, was in attendance during part of the meeting. During

the meeting, questions from the audience consumed approximately 60-90 minutes. The majority of these questions related to teachers' salaries, the subject of the collective bargaining negotiations.

Petitioner contends that this conduct constituted an unfair labor practice on the part of the Association, pursuant to ORS 243.672 (2)(f), which provides:

"(2)   It is an unfair labor practice for a public employe or for a labor organization or its designated representative to do any of the following:

"* * * * *

"(f)   Communicate directly or indirectly during the period of negotiations with officials other than those designated to represent the employer regarding employment relations."

The Public Employe Relations Board, overruling the proposed findings of its hearing officer, made the following determination:

"* * * * *

"CONCLUSIONS OF LAW

"The issue here is whether or not the district teachers violated the provisions of Section 4 (2)(f) by attending and speaking at the public meeting of the Budget Committee.

"This board has no authority to rule on the constitutional questions raised in the Respondent's Memorandum and it is not necessary to do so. The legislature has provided that members of the public have the right to attend an open meeting of a Budget Committee. We conclude that the legislature did not intend to abridge the right of certain persons to attend and speak at such meetings when it passed into law Section 4 (2)(f) of Chapter 536, OL 1973.

"ORDER

"The complaint is dismissed."

The scope of our review of an administrative agency determination is governed by ORS 183.480(7). Petitioner's basic argument is that PERB erred in determining that ORS 243.672 (2)(f) does not encompass the above-described conduct so as to render the Association guilty of an unfair labor practice. We reject petitioner's contention and agree with the Board.

ORS 192.630 (1), part of the so-called Open Meetings Law enacted by the legislature in 1973, provides:

> "All meetings of the governing body of a public body shall be open to the public and *all persons shall be permitted to attend* any meeting except as otherwise provided by ORS 192.610 to 192.690." (Emphasis supplied.)

This provision is applicable to a school district budget committee meeting. ORS 192.610(3). Nothing in ORS 192.610 to 192.690 limits or abridges the right of a public employe to attend such a meeting or participate in public discussion therein on equal footing with all other persons.

Moreover, ORS 294.406 (3), a provision of the Oregon Local Budget Law, made applicable herein by ORS 294.311(17) and ORS 294.336(1), provides:

> "The budget committee shall meet from time to time at its discretion. *All meetings of the budget committee shall be open to the public.*" (Emphasis supplied.)

Public employes are nowhere excluded from the operation of this section.

The general legislative purpose concerning full public participation in the budget-making process is further shown by ORS 294.430 (1), which provides:

> "* * * [T]he governing body of a municipal

corporation shall meet at the time and place designated in the notice of meeting required by ORS 294.416 for the purpose of holding a public hearing on the budget document as approved by the budget committee. *At the meeting any person may appear for or against any item in the budget document.*" (Emphasis supplied.)

■ In *Kankkonen v. Hendrickson,* 232 Or 49, 374 P2d 393 (1962), our Supreme Court declared:

"In arriving at the legislative intent in the enactment of a statute, it should be read in connection with all statutes relating to the same subject matter, and effect should be given to every word, phrase, sentence and section of all such statutes, if possible. *State v. Popiel,* 216 Or 140, 337 P2d 303 (1959) * * *." 232 Or at 67.

Petitioner would have us construe ORS 243.672 (2) (f) in a manner inharmonious with both the Open Meetings Law and Local Budget Law. We decline to do so. *Gilbertson v. Culinary Alliance,* 204 Or 326, 338, 282 P2d 632 (1955) ; *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968). Thus we do not reach petitioner's contention that ORS 243.672 (2) (f) is in violation of the First Amendment. *See, Wadsworth v. Brigham,* 125 Or 428, 464-65, 259 P 299, 266 P 875 (1928).

■ Accordingly, we hold that ORS 243.672(2)(f) does not render a public employe labor organization or its constituent members guilty of an unfair labor practice by virtue of their attendance at or their otherwise lawful participation in a meeting open to the public under ORS 192.610 to 192.690 and ORS 294.406 (3).

Affirmed.