Argued and submitted November 13, 1989, affirmed February 14, reconsideration denied April 18, petition for review denied June 5, 1990 (310 Or 121)

In re Douglas Eugene Shirey, a Minor.

MICKEY,
*Appellant,*

*v.*

BEINHAUER et al,
*Respondents.*

(88-4062; CA A51249)

786 P2d 1217

Paul M. Nelson, Lake Oswego, argued the cause and filed the brief for appellant.

D. Richard Hammersley, Newport, argued the cause for respondents. With him on the brief was Litchfield, Carstens & Hammersley, Newport.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

The child's natural paternal grandmother petitioned the trial court for visitation rights after the parental rights of the child's natural father had been terminated. The court granted respondents' motion to dismiss. Petitioner appeals, and we affirm.

The child was born in April, 1983. His parents were not married. His mother is now married to his adoptive father. They are the respondents in this case. In April, 1988, they adopted the child, over the objection of the natural father. Petitioner filed a "Petition for Grandparent's Visitation" in August, 1988. The issue is whether the legislature intended that a natural paternal grandparent be able to petition for grandparent visitation rights under ORS 109.121[1] after the parental rights of the natural father, the grandparent's son, have been terminated.

In construing legislative intent, a statute should be read in connection with all other statutes relating to the same subject matter. *State v. Popiel,* 216 Or 140, 145, 337 P2d 303 (1959).

ORS 109.041 provides:

---

[1] ORS 109.121 provides, in relevant part:

"(1)(a) A child's grandparent may, upon petition to the circuit court, be granted an order establishing reasonable rights of visitation between the grandparent and the child if:

"(A) The grandparent has established or has attempted to establish ongoing personal contact with the child; and

"(B) The custodian of the child has denied the grandparent reasonable opportunity to visit the child.

"* * * * *

"(4) When a petition is filed under this section, if it appears from the petition that the petitioners may seek visitation rights under this section, the court shall conduct a hearing to determine whether an order creating visitation rights will be issued. * * *

"(5) Any order creating visitation rights under this section shall be according to the court's best judgment of the facts of the case and shall include such conditions and limitations as it deems reasonable. In making or modifying such an order, the court shall be guided by the best interests and welfare of the child.

"* * * * *

"(7) As used in this section:

"(a) 'Grandparent' does not include a step-grandparent."

"(1) *The effect of a decree of adoption* heretofore or hereafter granted by a court of this state *shall be that the relationship, rights and obligations between an adopted person* and the descendants of the adopted person *and*

"(a) The adoptive parents of the adopted person, their descendants and kindred, and

"(b) *The natural parents of the adopted person, their* descendants and *kindred*

shall be the same to all legal intents and purposes after the entry of such decree as if the adopted person had been born in lawful wedlock to the adoptive parents and *had not been born to the natural parents.*

"(2) Where a person has been or shall be adopted in this state by a stepparent, this section shall leave unchanged the relationship, rights and obligations between such adopted person and descendants of the adopted person and natural parent of the adopted person, who is the spouse of the person who adopted the person, and the descendants and kindred of such natural parent." (Emphasis supplied.)

Petitioner is "kindred" of the child's natural father within the meaning of ORS 109.041(1)(b) and, pursuant thereto, her right to petition for visitation rights under ORS 109.121 was abolished when her son's parental rights were terminated.

Affirmed.